## LOSEE, ADMR., v. KRIEGER, ADMR., ET AL.

*Executors and administrators—Proceedings to recover concealed or embezzled assets—Section 10673, General Code—Allegations and proof of criminality unnecessary—Section 10678, General Code, inapplicable—Pleading—Prayer not part of cause of action—Admissibility of evidence that decedent's property appropriated and withheld—Competency of evidence that decedent incapacitated from transacting business.*

1. Petition by administrator of decedent's estate under Section 10673, General Code, alleging that defendant has taken possession of, and appropriated, money and property of decedent to which administrator was entitled, *held* to state good cause of action under Code of Civil Procedure; proof of criminality being unnecessary, and Section 10678 being inapplicable.

2. The prayer is no part of the cause of action but indicates object thereof or remedy sought or legal consequences of facts stated.

3. In action under Section 10673, General Code, by administrator of decedent, alleging defendant had appropriated property of decedent, it was error to exclude evidence that property of decedent was appropriated and withheld.

4. In action by administrator of decedent's estate, alleging defendant had appropriated property belonging to the estate, evidence that decedent was incapacitated from transacting business at time when it was claimed she disposed of some of her property *held* competent.

5. Where evidence was for jury, it was error to direct verdict.

(Decided February 24, 1925.)

ERROR: Court of Appeals for Lucas county.

*Mr. C. A. Thatcher* and *Mr. Chester A. Meck,* for plaintiff in error.

*Messrs. Marshall & Fraser, Mr. George R. Effler,* and *Mr. W. T. S. O'Hara,* for defendants in error.

YOUNG, J.   This cause was tried in the court below on an amended petition and the answer and supplemental answer of defendant. The plaintiff in error, Frank B. Losee, as administrator of the estate of Olive A. Marquardt, deceased, was plaintiff below, and alleged in his amended petition that the defendant, Edward H. Krieger, is the qualified and acting administrator of the estate of John H. Marquardt, deceased; that upon the death of John H. Marquardt, which occurred on December 24, 1918, the defendant Krieger, in his individual capacity, and as executor of the estate of said deceased, took possession of, and appropriated to his own use, certain moneys and other personal property belonging to the deceased, Olive A. Marquardt, formerly the wife of said John H. Marquardt.

At the conclusion of the introduction of the evidence, on motion of the defendant, a verdict was directed in his behalf. Error is now prosecuted to this court, and the errors upon which Losee relies are, first, that the court erred in directing a verdict for defendant, and, second, in excluding evidence offered by plaintiff.

It is contended by the defendant that the action, coming under Section 10673, General Code, where complaint is made either in probate court or common pleas court against any one suspected of having concealed, embezzled, or conveyed away goods and chattels of a decedent, and where a citation or summons is issued to defendant to appear and answer, is criminal in its nature, and that criminality

must be proven. Authorities are cited which defendant claims support this contention. Plaintiff contends that no proof of criminal intent is required. Section 10678, General Code, provides a penalty in cases where the jury finds the party guilty of having concealed, embezzled, or conveyed away money, goods and chattels, etc. The purpose of Section 10673 is to provide a speedy and effective method for discovery of assets belonging to an estate and of securing possession of them for the purpose of administration.

The parties to this action were before this court in 1923 upon the same amended petition, on the question of the sustaining of a demurrer and the entering of final judgment in favor of the defendants by the court below. At that time defendants insisted that the amended petition was one in equity for an accounting. The Court of Appeals in its opinion used the following language:

"The amended petition does not allege an indebtedness of John H. Marquardt or of his estate which the executor of the estate of Olive A. Marquardt is attempting to recover. It is a plain statement that the defendant has taken possession of and appropriated money and property that belonged to Olive A. Marquardt, to which the executor of her estate is entitled."

The court, after calling attention to the provisions of Section 10673, General Code, said: "The General Code does not provide the nature of the pleadings to be filed when a proceeding is had under this section. When begun in the common pleas court it may well be commenced, and no doubt is properly commenced, by the filing of a petition.

Whatever the pleading may be denominated, if it constitutes a complaint of the concealment or embezzlement of assets of the estate by the defendant, it should be treated as a complaint filed under the provisions of this section of the General Code. The amended petition does not allege that the defendant is concealing or has conveyed away property belonging to the estate of Olive A. Marquardt. Neither does it use the term 'embezzle,' but it does allege, at least, as to a portion of this property that the defendant has appropriated it to his own use, and, as to all the property, it is alleged that the defendant refuses to account for or turn over to the plaintiff any of such property.''

In the case at bar, under the pleadings, we have an admission upon the part of the defendants that they have possession of certain personal property of John H. Marquardt, but averring that the same was obtained by Edward H. Krieger, as executor of the estate of John H. Marquardt, and that all of it was bequeathed by will to the defendants.

The prayer is no part of the cause of action, but merely indicates what the pleader supposes is the object of the action, or the remedy sought, or the legal consequences of the facts stated. The authorities hold that, after answer to the merits, the prayer becomes wholly immaterial, and any relief lesser, greater, or different from that asked may be given.

A plain statement of the plaintiff is that the defendant has taken possession of, and appropriated, money and property belonging to Olive A. Marquardt, to which the administrator of her estate is entitled. Under this allegation testimony is admis-

sible, and, if proven, there should be a recovery for money had and received, as belonging to said estate.

We are of the opinion the amended petition states a good cause of action under Section 10673. Even if it be conceded that criminality must be proven under that section, it is not necessary in an action under the Civil Code. We therefore hold that the amended petition also states a good cause of action under the Code of Civil Procedure.

It will be noticed that this action was not commenced upon complaint made and citation issued, but by petition and the issuing of a summons as in an ordinary civil action.

The court erred in excluding evidence tending to show that property of Olive A. Marquardt was appropriated and withheld by defendant Krieger. It is competent to offer evidence tending to show that Olive A. Marquardt was incapacitated from transacting business at a time when it was claimed she disposed of some of her property. In this respect the court erred in not admitting such testimony.

We are also of the opinion that the record and bill of exceptions contain some evidence sufficient to justify a submission of the facts to the jury, and that the court erred in directing a verdict for the defendants.

*Judgment reversed and cause remanded.*

RICHARDS and WILLIAMS, JJ., concur.