## SKEHAN v LARKIN

Ohio Appeals, 6th Dist, Lucas Co
No 2363. Decided May 19, 1930

M. B. McCarthy, Toledo, and George N. Fell, Toledo, for Skehan.
Powell & Starritt, Toledo, for Larkin.

**WILLIAMS, J.**

In this proceeding in error many grounds of reversal are urged among them the claim is made that the property received was not assets of the estate and, if so, that no assets of the estate of decedent were concealed or embezzled or conveyed away by plaintiff in error. That contention is well-founded. The personal property claimed to have passed by way of gifts was not, under the circumstances in the case, assets of the decedent's estate. There only passed to the personal representative of the decedent a right of action to set aside the alleged transfers or gifts and recover the property or the value thereof and in such an action the real party in interest would be the personal representative of the decedent.

In the case of **Losee vs. Krieger, 22 Ohio App., 395,** this court held that the petition stated a good cause of action not only under **10673 GC,** but also under the Code of Civil Procedure. It will be observed, however, that in that case the action was brought by the administrator of the decedent's estate, in his representative capacity. In the instant case the action is brought by John Larkin, a brother and legatee, individually, and he could not maintain the cause of action under the Code for the reason that he is not the real party in interest.

This court does not pass upon the question whether or not the summary remedy under **10673 GC** may be maintained by one, who has an interest in the estate of a deceased insane person, against another who wrongfully conceals or conveys away decedent's personal property immediately before her death and in anticipation thereof and retains it under claim of right. This court is of the opinion that that question is not presented by the record in the instant case.

As the plaintiff below could not maintain the summary remedy under **10673 GC.,** and was not the real party in interest in an action under the Code of Civil Procedure, the judgment must be reversed and final judgment entered in favor of plaintiff in error.

Lloyd and Richards, JJ., concur.