## SKEHAN v REED, Admr

Ohio Appeals, 6th Dist, Lucas Co

No 2738. Decided Feb 14, 1933

George N. Fell, Toledo, and M. B. McCarthy, Toledo, for plaintiff in error.

Powell & Starritt, Toledo, Marshall, Melhorn, Marlar & Martin, Toledo, and Crary Davis for defendant in error.

BY THE COURT

The same transactions that are involved in this case were involved in **Skehan v Larkin, 41 Oh Ap, 85 (11 Abs 449)**, where the facts are succinctly stated.

The court finds no prejudicial error in the case at bar except as to the amount of the judgment. The transfers were made by the decedent in her lifetime and the evidence fails to establish a cause of action under §10673, GC, for concealing, embezzling, etc., assets of the decedent, but does establish a cause of action under the Code of Civil Procedure. The court therefore was not authorized to add, under §10678, GC, ten percent penalty to the amount found due by the jury. The jury returned a verdict for $11,212.68, while the court rendered judgment for $12,333.94, which included a ten percent penalty. The jury was impanelled and the case tried to that jury without any objection being raised thereto either by plaintiff or defendant, or as to the form of the action, and the action was thus tried to the jury by the parties without any objection to the method of trial.

This court does not approve all of the questions asked non-expert witnesses as to the mental capacity of the decedent. Their opinions should have been based on the competency of the decedent at the time she was under their observation, as has often been held by this court. However, her affliction was gradually progressive senile dementia and nearly all of the witnesses saw her frequently. The case is similar to **Rogers v Monroe et, 26 C.C. (N.S.), 193,** decided by this court, where opinion evidence of that character was condemned but held not to be reversible error on the ground that it was evident that if the objection had been sustained a different result could not have been reached by the jury. In view of the entire evidence in the case and the fact that two juries have returned verdicts setting aside the transactions, the court finds that no prejudicial error exists by reason of the opinion evidence of any non-expert witness. See **Niemes v Niemes et, 97 Oh St, 145.** All that part of the judgment in excess of the amount found due by the jury is not sustained by sufficient evidence.

If the defendant in error will remit from the judgment as of the date thereof all in excess of $11,212.68, the judgment will be modified accordingly and as modified will be affirmed, otherwise the judgment will be reversed and the cause remanded for further proceedings according to law.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.