**McMAHAN et v JONES et**

Ohio Appeals, 3rd Dist, Hancock Co

No 343.   Decided May 23, 1934

A. G. and R.E. Fuller, Findlay, and W. H. McMillen, North Baltimore, for plaintiffs in error.

Edward M. Fries, Bowling Green, and Bowman & James, Bowling Green, for defendants in error.

## OPINION

By GUERNSEY, J.

With reference to the first ground, the petition shows that the bonds and certificate of deposit sought to be recovered in the action, were transferred by the decedent to the defendant Abigail Jones, prior to the death of the decedent. The fact that

such transfer was procured by coercion, duress, undue influence, or other unlawful restraint, did not render such transfer void but only voidable, and consequently such bonds and certificate of deposit did not become a part of the estate of the decedent, and the only right with reference thereto that became a part of the decedent's estate was a cause of action to set such transfer aside.

Under the provisions of §10506-67 GC and cognate Sections of the General Code, a legatee, heir or other person interested in an estate is authorized to bring action against a person suspected of having concealed, embezzled, or conveyed away or of being or having been in possession of any moneys, goods, chattels, things in action or effects of such estate. Said section does not authorize the bringing of any action by any of the persons mentioned, for property transferred by the decedent prior to her death whether such transfer was procured through coercion, duress, undue influence or other unlawful restraint. **Skehan v Larkin, 41 Oh Ap, 85, (8 Abs 425; 11 Abs 449).** As action was not authorized under such section, the right to have the transfer of the property set aside and order to recover the property or its value, vested exclusively in the administrator, and consequently the plaintiff below had no legal capacity to sue.

With reference to the second ground, the petition shows that the administrator properly brought action in the Court of Common Pleas of Wood County, against the defendant Jones for the recovery of such property, and that such actions were subsequently compromised by the administrator's attorneys, a valuable consideration being paid to the estate of said Jones in consideration of such compromise, and that such compromise was thereafter acquiesced in by the administrator and said causes dismissed, and that the plaintiff after he learned of the compromise and dismissal of said actions, filed motions in the Court of Common Pleas of Wood County in said causes, asking to be made a party and to be given leave to open up the judgments in said causes, and that such motion was denied by the court. It is not alleged that either the administrator or Abigail Jones were guilty of fraud or collusion in making such compromise.

Compromises are favored by the law; and as neither fraud nor collusion is alleged and neither the plaintiff nor any one else is entitled to recover until said judgments are set aside, the petition does not state facts sufficient to constitute a cause of ac-

tion. And even if fraud or other ground for setting aside the judgments had been alleged, the plaintiff would not be entitled to the relief sought, as in the absence of allegations in the petition showing otherwise, there is a presumption that plaintiff's applications to the Court of Common Pleas of Wood County the court of original jurisdiction in the cases, to vacate and set aside the judgments dismissing said action were made within the proper time and on all the grounds available to the plaintiff for such purposes, and were properly denied by said court. Giving effect to this presumption the denial of said application was a final adjudication of the right of plaintiff to set aside said judgments which cannot be attacked in this action.

Holding these views, the judgment of the lower court is affirmed.

CROW, PJ, and KLINGER, J, concur.