## BLACK, Estate of In Re.

Ohio Appeals, First District, Hamilton County.

No. 6432.   Decided December 1944.

Messrs. Barbour & Kimpel, Cincinnati, for appellant.

Miss Eleanor A. Ridiman, Cincinnati, and Mr. R. T. Dickerson, Cincinnati, for appellee.

### OPINION

By HILDEBRANT, J.

The Guardian of an incompetent, by reason of improvidence, brought a special proceeding in the Probate Court of Hamilton county under favor of §10506-67 GC, et seq., charging defendant with having in her possession and concealing certain property of the ward.

The court, without the intervention of a jury, found defendant guilty of having concealed and in her possession monies and chattels belonging to the estate of the ward of the value of $1998.56, and rendered judgment for that amount together with a 10% penalty and costs.

The appeal is upon questions of law.

At the conclusion of all the evidence, the defendant's motion to dismiss the complaint was overruled, and this ruling the court finds constitutes error.

In late 1939 or early 1940, defendant, a registered nurse, took care of the ward who was a victim of infantile paralysis and a patient in the Reading Institute. In the winter of 1940 the ward returned to her home and that of her parents on Stettinius Avenue in Hyde Park and employed defendant at $40 per week to nurse her mother who was ill at the time. Both parents became ill during this time, in what turned out to be their last illness. The ward and her parents had certain monies, at one time approximating $18,000.00 in joint accounts in various building associations and banks, which were all placed in the ward's name about this time.

In the late summer of 1940, the ward and defendant went to Florida, where defendant rented premises and set up what was called the Miami Beach Convalescent Home, where she took care of the ward at an agreed figure of $50 per week; there being other patients in the home. Later, that fall, the ward's parents came to Florida and were cared for in the Convalescent Home at the same figure each. In October, 1941, the father died, and after interment in Cincinnati, the mother never returned to Florida. After two winters and one summer in Florida, the ward and defendant returned to Cincinnati, where the ward remained for approximately three months in the home of defendant's daughter before being taken to General Hospital, and thence to the Chronic Disease Hospital of the County Home.

It will be seen that a contractual relationship of employment for nursing care and services for herself and her parents existed between the parties. Charged with conducting the financial affairs and payment of the considerable expenses involved, the modus operandi of the ward was to withdraw substantial sums in advancement on account of defendant, as, for example, $3500 advance payment of rent on the Florida nursing home, or directly to her account with nursing services, care, and additional expenses, such as special nursing, doctors, drugs, etc., to be credited against such advances. Monthly accountings and credits were made in Florida with the ward examining and approving the computations. The personal relationship between the parties progressed until defendant served not only in her professional capacity, but practically as a business agent as well attending to payment of current expenses and similar details generally. The evidence discloses that during this time, at least a part of the withdrawal of building association funds was under the surveilance of the officers thereof and the ward's attorney.

Title to an automobile was acquired jointly by the parties hereto; the ward advancing all the funds, and later putting title in defendant alone, who has proffered to restore the same in this proceeding.

The relationship of the parties progressed until with the depletion of the cash resources the ward deeded the Stettinius Avenue property to defendant and made a will in her favor in return for an agreement to care for her during life. With the termination of the actual care of the ward and on request, defendant deeded the real estate back to the ward.

The evidence is in conflict as to the actual amount of the funds to start with, whether nearer $18,000 or $12,000, and as to whether or not there is any balance in the hands of defendant due the ward. The ward not only testifies with defendant that no balance in her favor remains, but that actually there is due defendant approximately $1,000 for services as yet unpaid for.

The few chattels involved, mostly silver and dishes, stored in barrels at the home of defendant's daughter, from the evidence are available to the guardian on call.

The vital question at once presented by the record is whether or not the special summary quasi criminal proceeding invoked under §10506-67 GC, et seq., is appropriate to the factual situation here present.

It appears that the rights of the parties grow out of a contractual arrangement under which monies were paid and services returned and in addition disbursements to third parties made; so that if there be a balance one way or the other, the remedy sounds in assumpsit or accounting, with a money judgment the objective. This situation requires a civil action with appropriate pleadings to define the issues, and no 10% penalty would be included with the judgment.

The burden is on complainant to prove a possession and concealment contemplated by §10,506-67 GC, et seq., and the evidence reveals another and different situation.

The law is stated in **Goodrich, Admr., v. Anderson, 136 Oh St., 509.** The syllabus in that case is:

"1. The purpose of §§10506-67 to 10506-77 GC, inclusive, relating to proceedings to discover concealed or embezzled assets of an estate, is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor, but rather to provide a speedy and effective method for discovering assets belonging to the estate

516

and to secure possession of them for the purpose of administration.

"2. Where in such proceeding, the defendant is found not guilty of concealing or embezzling assets of the estate of the decedent, the court may not proceed to determine other issues, but has no alternative except to dismiss the complaint."

The following cases cited in appellant's brief all seem pertinent to the problems arising in the instant case: **In Re Estate of Raymond, 66 Oh Ap., 428; McMahan v. Jones, 17 Abs. 488; Skehan v. Larkin, 41 Oh Ap., 85;** In Re Estate of Jacob Ledig, 9 O. N. P. (n. s.) 169; **Leonard v. Scott, 3 Oh Ap., 313.**

Entertaining the views set forth above, the judgment will be reversed, and this Court coming now to enter the judgment the court below should have entered, the cause is hereby dismissed at Guardian's cost.

ROSS, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabus and opinion.