111; *McEvoy* v. *Ripley,* 24 Ohio Law Abs., 678; *Bridge-water* v. *Boyles,* 29 Ohio Law Abs., 362; *Lutz* v. *Lutz,* 74 Ohio App., 517, 60 N. E. (2d), 67.

A bill of exceptions which is not filed in the trial court within 40 days after the overruling of the motion for a new trial will be stricken by the appellate court on motion. *Kennedy* v. *Mancini,* 22 Ohio Law Abs., 607; *Eubank* v. *Industrial Commission,* 59 Ohio App., 189, 17 N. E. (2d), 416; *Seifer* v. *Industrial Commission,* 29 Ohio Law Abs., 52.

The motion to strike will be sustained.

*Motion sustained.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.

IN RE ESTATE OF HOWARD.*

(No. 3958—Decided March 24, 1947.)

*Mr. Henry A. Reinhard* and *Mr. Fred C. Rector,* for appellant.

*Mr. Warren A. Smith* and *Messrs. Humphrey & Montgomery,* for appellee.

*For opinion on merits, see In re Estate of Howard, 79 Ohio App., 203.

By THE COURT. This cause is submitted on application to certify the record of this case to the Supreme Court, on the ground that the judgment of this court is in conflict with the judgment in the case of *In re Estate of Black,* 75 Ohio App., 294, 61 N. E. (2d), 500.

The judgment in the *Black case* was reviewed by the Supreme Court (*In re Estate of Black,* 145 Ohio St., 405, 62 N. E. [2d], 90). The Supreme Court affirmed the judgment of the Court of Appeals.

The power of the judges of this court to certify the record is conferred by Section 6, Article IV of the Ohio Constitution, which provides, *inter alia*:

"* * * whenever the judges of a Court of Appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other Court of Appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination."

A question arises as to the power of the judges of the Court of Appeals to certify on the ground of conflict, when the judgment of the Court of Appeals has been reviewed by the Supreme Court. We recognize the binding effect of the judgment of the Supreme Court. Manifestly, the judges of this court cannot find that the judgment in the instant case is in conflict with the judgment of the Court of Appeals in the *Black case,* otherwise it would be an admission that we have refused to follow the judgment of the Supreme Court. A conflict cannot possibly exist unless this court finds that the court in the instant case refused to follow the judgment of the Supreme Court. This court approved the judgment in the *Black case,* but distinguished the case at bar on the facts.

This court, in discussing the opinion of the Supreme Court in the *Black case,* in its opinion stated:

"The case of *In re Estate of Black* is distinguishable from the instant case on the facts. In that case the

ward of the guardian-complainant and the defendant had had numerous financial transactions over a period of several years. The factual situation presented required the court to consider a number of items of debits and credits. The court could not have determined their differences except by an accounting.''

After a careful consideration of the factual situations presented in the instant case and in the *Black case* in the Court of Appeals, we still adhere to, and confirm, our judgment that the two cases are distinguishable on the facts.

We are not unmindful of the importance of the issues raised in the instant case. It is our hope that the Supreme Court may find a way to take this case on review and decide this important legal question. However, we cannot certify the record on the ground that the judgment of this court is in conflict with that in *In re Estate of Black* in the Court of Appeals, when, in our judgment, no conflict exists. If this court has failed to comprehend or has misapplied the law laid down by the Supreme Court in the *Black case,* we have every reason to believe that the Supreme Court will find some way to review the judgment of this court.

The application will be denied.

*Application denied.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.