tiff, the judgment is reversed and the case is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

WISEMAN, P. J., and MILLER, J., concur.
HORNBECK, J., concurs in judgment.

In re Trust of Deibel.

(No. 4258—Decided June 1, 1949.)

Mr. *Allen Pretzman*, Mr. *Francis M. Thompson* and Mr. *Ray W. Poppleton*, for appellees.

Mr. *Henry A. Reinhard* and Mr. *Clarence M. Addison*, for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Probate Court of Franklin County rendered against the appellant, Joseph F. Deibel, in the sum of $28,823.25, because of maladministration as trustee of the trust created under the last will of Charles A. Deibel, deceased.

Charles A. Deibel died testate on September 24, 1920, leaving six children and his widow surviving. The appellant, Joseph F. Deibel, a son, and Mary Deibel, the widow, were appointed as executor and executrix, respectively, of the estate of the testator. The estate was closed and subsequent thereto, to wit, on September 30, 1921, Joseph F. Deibel and Mary Deibel, having been designated in the will as trustees, were appointed trustees of the trust therein created. At the time of the appointment of the trustees the estate consisted of real estate, appraised at $27,760, and personal property, consisting chiefly of securities, of the value of $34,165. The two trustees proceeded to administer the trust estate until the death of Mary Deibel, which occurred March 5, 1946, after which Joseph F. Deibel continued to act as sole trustee. During the administration of the trust, nine separate

accounts were filed. The record shows that, while the two trustees were acting, Joseph F. Deibel exercised almost exclusive control and management over the trust estate, and Mary Deibel was a trustee in name only.

To the eighth and ninth accounts exceptions were filed by three of the children of the testator and the heirs at law and next of kin of a deceased child, the appellee herein. A motion was filed to open up all prior accounts, wherein it was alleged, among other things, that the trustee, Joseph F. Deibel, was guilty of fraud and collusion.

The Probate Court appointed a special master commissioner to take the testimony which was transcribed and is now presented to this court as a bill of exceptions. It was stipulated by counsel for Joseph F. Deibel that all nine accounts filed in the administration of the trust should be opened for exceptions. Accordingly, the special master commissioner took testimony relative to exceptions to all nine accounts.

The records were complicated, confused and voluminous. Great difficulty was experienced in securing accurate information relative to many transactions. Definite figures were not easily ascertainable. The exceptions filed involved hundreds of different items in the accounts. After a prolonged and painstaking hearing the special master commissioner rendered a report and indicated his conclusions on the law and the facts involved therein. Upon exceptions being filed thereto, the probate judge modified such findings.

The appellant has assigned 16 separate specifications of error. Because of the involved nature of the numerous items challenged by the exceptions, it will not serve any useful purpose to discuss or even comment on all the questions raised. After reading the bill of exceptions and making a close examination of

the entire record, together with the report of the special master commissioner, the several well considered opinions of the probate judge, the judgment entry which sets out in considerable detail the amounts for which the trustees should be charged, surcharged and credited, and briefs of counsel, we are of the opinion that none of the errors assigned are supported by the facts in the record and the law applicable thereto.

Several determinative issues raised bear comment. Briefly, the Probate Court found, among other things, that under the will of Charles A. Deibel a trust was created, of which Joseph F. Deibel and Mary Deibel became trustees pursuant to their appointment by the Probate Court, and of which Joseph F. Deibel, at the time of the hearing, was the sole surviving trustee; that the widow, Mary Deibel, elected to take under the will; that Joseph F. Deibel, during the period of the trust, failed to make a proper accounting according to law, maladministered the trust, used the trust funds and property for his own personal purposes, failed to separately identify principal and income, failed to deposit the trust funds in a bank in the name of the trustee, but on the contrary deposited such funds in his own personal banking account, made unauthorized investments of trust funds, and made unauthorized loans, disbursements and advancements of trust funds to himself and other persons; that the Probate Court had no jurisdiction over the proceeds derived from the sale of the real estate, formerly trust assets, which was sold on partition in the Common Pleas Court of Franklin County; that the trustee is accountable for all rents and profits of such real estate and for the diminution of the fund created by the sale of the real estate by reason of the fact that the trustee borrowed certain funds and to secure the payment thereof placed

a mortgage on the real estate a part of which remained unpaid at the time the real estate was sold on partition; and that by reason of his maladministration and unlawful acts Joseph F. Deibel is not entitled to any compensation for services as trustee. The judgment entry sets forth specific items for which the trustee should be charged, and the amount due from the trustee in favor of the trust is computed in eight separate schedules involving numerous items of charges, surcharges and credits. We approve of the findings and judgment of the trial court in every particular.

We have examined with considerable care the computation set out in the judgment entry and find no reason to disturb or modify the judgment in any respect.

In view of the several contentions made by appellant, the court deems it advisable to draw several conclusions. The widow, having elected to take under the will, took such interest as was given her, burdened by the conditions expressed in the will. Under the terms of the will the corpus of the trust consisted of the personal property in the possession of the executor and executrix at the close of the administration of the estate, and also the real estate. The widow was not required to make a conveyance of such property to the trustees as she never owned the trust property as an individual. The principle of estoppel was applied by the trial court in support of the validity of the real estate mortgage which was signed by the trustees and the children of the testator, but held that the principle had no application to the use which the trustees made of the fund, and that the exceptors were not estopped to raise a question as to the proper disposition of such fund. With that, we agree.

In our opinion, Section 10506-48, General Code, which provides that any action brought against a fiduciary for breach of duty must be brought within one

year after the termination of the trust or the discovery of the fact of the loss, has no application to the facts in this case. *Massachusetts Bonding & Ins. Co. v. Winters Natl. Bank & Trust Co. of Dayton, Ohio,* 130 F. (2d), 5. This matter was submitted to the court on exceptions properly filed to the eighth and ninth accounts of the trustee and all former accounts were opened by stipulation of counsel. Consequently, the statutes relative to the filing of accounts and hearing of exceptions thereto apply.

The denial of compensation to the trustee who was found guilty of a breach of trust was largely a matter of judicial discretion with the trial court and will not be disturbed on appeal. *In re Trusteeship of Stone,* 138 Ohio St., 293, 34 N. E. (2d), 755, 134 A. L. R., 1306. See, also, Section 10506-53, General Code. While not applicable here, it is interesting to observe that in a proceeding against a fiduciary for concealing assets, etc., where judgment is rendered against the fiduciary, the Probate Court can exercise no discretion in allowing or disallowing compensation to the fiduciary. In such case the fiduciary shall receive no compensation. Section 10506-74, General Code.

As we find no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.