Defendant-appellant, Judith B. Wherry, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, finding that as guardian of Sara Elizabeth Loughridge, defendant concealed, embezzled, and conveyed away assets of the guardianship in violation of R.C. 2109.50.
Before defendant became involved with the guardianship, she had done some legal work for Loughridge and taken care of her. Moreover, particularly, after Loughridge was found in her home with several broken ribs, defendant hired help to clean and repair Loughridge's unmaintained apartment. Unable to live in the apartment due to the repairs and cleaning, Loughridge moved to a nursing home. Because Loughridge was unable to pay the nursing home costs, defendant asked for and received a loan from William Matthews, advising Matthews he would be paid back when defendant was named Loughridge's guardian. Defendant was appointed guardian of the person and estate of Loughridge in May 1994.
In January 1998, the probate court appointed a Special Master Commissioner ("SMC") to investigate the accounting of the guardianship. His report was filed on April 3, 1998, and as a result of the report, an April 14, 1998 complaint was filed against defendant, alleging that in violation of R.C. 2109.50
defendant "diverted, commingled, or otherwise concealed assets" then belonging to the guardianship.
On June 12, 1998, the court conducted a hearing on the complaint, found defendant guilty of "having concealed, embezzled and conveyed away assets of the Guardianship of [Loughridge]," and ordered defendant to pay damages in the amount of $89,205.61, with an additional ten percent penalty of $8,920.56. See R.C. 2109.52. The court further ordered defendant to pay all costs of the hearing, including attorney fees, and to reimburse the guardianship in the amount of $14,628.02 for fiduciary/attorney fees defendant received while serving as guardian.
Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO FOLLOW THE PROCEDURE SET FORTH IN REVISED CODE § 2109.52, WHEN IT INCLUDED AS DAMAGES CERTAIN MONIES, THE TITLE TO WHICH DID NOT REST WITH THE DECEDENT AT HER TIME OF DEATH.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT HELD THAT THE DEFENDANT-APPELLANT WAS GUILTY OF FRAUD WHEN FRAUD HAD NOT BEEN PLED WITH PARTICULARITY IN THE COMPLAINT IN ACCORDANCE WITH OHIO RULES OF CIVIL PROCEDURE, RULE 9(B), AND WITHOUT FINDING THAT THE ELEMENTS THAT CONSTITUTE FRAUD HAD BEEN PROVEN.
 III. THE TRIAL COURT ABUSED ITS DISCRETION UNDER RULE 78 OF THE RULES OF SUPERINTENDENCE FOR THE COURTS OF OHIO WHEN IT PROCEEDED TO TRIAL, ARBITRARILY, UNCONSCIONABLY AND UNREASONABLY DENYING THE DEFENDANT'S MOTION FOR A CONTINUANCE IN ORDER TO OBTAIN COUNSEL.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION, ACTING CONTRARY TO LAW, WHEN IT RESCINDED ITS ORDER GRANTING FIDUCIARY FEES TO THE DEFENDANT-APPELLANT FOR HER WORK AS GUARDIAN OF SARA LOUGHRIDGE, WHEN SUCH FEES WERE REASONABLE AND IN THE NATURE OF NECESSITIES, WITHOUT APPLYING THE THREE-PART TEST SET FORTH IN IN RE GUARDIANSHIP OF WOLFE (P.C. 1938), 29 OHIO LAW ABS. 184[.]
 V. THE TRIAL COURT ABUSED ITS DISCRETION, ACTING CONTRARY TO LAW, WHEN IT ASSESSED DAMAGES AGAINST THE DEFENDANT-APPELLANT THAT WERE NOT REASONABLY CERTAIN.
Because defendant's second and third assignments of error deal with preliminary matters, we address them first. Defendant's second assignment of error contends the complaint was insufficient because it did not allege fraud with particularity.
A complaint filed under R.C. 2109.50, although quasi-criminal in character, is controlled by the laws governing civil proceedings in the probate court. In re Estate of Howard
(1947), 79 Ohio App. 203, 80 Ohio App. 80; In re Estate of Popp
(1994), 94 Ohio App.3d 640. Relying on Burns v. Daily (1996),114 Ohio App.3d 693, defendant contends that a complaint for concealment of assets is tantamount to an allegation of fraud and therefore must be stated with particularity, as required by Civ.R. 9(B). Id. at 701, fn. 3 (finding that allegations of fraudulent conduct under R.C. 2109.50 must be pleaded "with more specificity than in other types of actions" because the allegations are "tantamount to an allegation of fraud perpetrated on the probate court.").
Even if Civ.R. 9(B) applies here, the complaint's failure to plead fraud with particularity is deemed waived if it is not raised in the first responsive pleading or an early motion.Gem Savings Assoc. v. Edwards (Oct. 6, 1987), Montgomery App. No. 10411, unreported, citing 2A Moore's Federal Practice (2 Ed. 1984), Paragraph 9.03, at 9-35; Todaro v. Orbit Int'l.Travel Ltd. (S.D.N.Y. 1991), 755 F. Supp. 1229, 1234. Defendant did not object to the alleged defect in the complaint in her responsive pleading, at the hearing on the matter, or at any time in the probate court. Having failed to raise the issue in a timely manner, defendant has waived any alleged error in the complaint. Defendant's second assignment of error is overruled.
Defendant's third assignment of error contends the probate court abused its discretion in denying defendant's requests for a continuance made at the June 12 hearing.
At the close of the SMC's direct testimony at the hearing, defendant requested a continuance to obtain counsel because her attorney had withdrawn after taking another job. The court denied the request, pointing out that defendant's counsel withdrew on May 29, 1998, and defendant knew at the latest on June 1, 1998, that he would not represent her at the hearing. Apparently believing defendant had time to make other arrangements before the day of the hearing, or at least to have sought a continuance before the SMC completed his testimony, the court denied defendant's request at that time and again when defendant later reiterated her request.
Whether to grant a continuance is a matter entrusted to the broad and sound discretion of the trial judge. State v. Mason
(1998), 82 Ohio St.3d 144, 155; State v. Unger (1981), 67 Ohio St.2d 65, syllabus. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Although defendant knew at least since June 1, 1998, that her attorney was withdrawing his services, she did not request a continuance at that time, nor at the commencement of the hearing. At the hearing, defendant advised the court that she had spoken with another attorney, but did not indicate she had retained that attorney. Rather she stated the attorney had become ill and "is not available at all." (Tr. 22.) Given defendant's nebulous representations to the trial court about her efforts to obtain counsel, coupled with the point at which defendant requested a continuance, the probate court did not abuse its discretion in denying defendant's requests for a continuance. Defendant's third assignment of error is overruled.
Defendant's first assignment of error alleges the probate court contravened to the requirements of R.C 2109.50 and 2109.52 by including as damages monies not titled in Loughridge at the time of her death.
R.C. 2109.50 and 2109.52 create a special proceeding which enables interested parties to recover concealed, embezzled and conveyed assets of an estate. In re Estate of Coleman (1988),55 Ohio App.3d 261. The statutes are designed to provide a quick and effective method of discovering and securing assets belonging to the estate which have been concealed, embezzled or conveyed. Ukrainiec v. Batz (1982), 24 Ohio App.3d 200, 204. The statutes, however, are not intended as a substitute for a civil action to collect a debt, obtain an accounting, adjudicate rights under a contract, or recover judgment for money owing an executor or administrator. Goodrich v. Anderson
(1940), 136 Ohio St. 509; In re Estate of Black (1945),145 Ohio St. 405. Specifically, R.C. 2109.52 provides:
 When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or chooses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind. The probate court may issue a citation into any county in this state, which citation shall be served and returned as provided in section 2109.50, requiring any person to appear before it who claims any interest in the assets alleged to have been concealed, embezzled, conveyed, or held in possession and at such hearing may hear and determine questions of title relating to such assets. [Emphasis added.]
Defendant contends that the emphasized language requires the probate court to determine whether the property in question was titled to the estate at the time of Loughridge's death; if such property was not so titled, defendant contends no violation has occurred. Defendant directs her legal argument to the $9,500 allegedly paid to Matthews, and asserts that because the title of the money passed to Matthews by an inter vivos transaction, title was not with the guardianship at the time of Loughridge's death and thus no violation may be found against defendant. Factually, guardianship filings in the probate court reflect a loan by defendant, not Matthews, of $9,500 to the guardianship, and a subsequent repayment to defendant. Defendant asserts Matthews loaned $9,500 and was repaid by a guardianship check issued to her, which funds she forwarded to Matthews.
Defendant's interpretation of R.C. 2109.52 is too narrow. Initially, nothing in the language of R.C. 2109.52 suggests this issue be examined solely at the time of the ward's death. Thus, traditional notions of what constitutes a probate asset at the time of death are not necessarily a consideration under R.C. 2109.52. Moreover, assuming defendant generally contends the assets must be titled in the guardianship estate before R.C. 2109.52 may be applied, the statute does not specify that the authority granted under it may be applied only to assets titled in the ward or the ward's guardianship estate at the time of inquiry. While R.C. 2109.52 grants the probate court authority to determine title if appropriate, the statute specifically addresses assets which have been conveyed away, and title to such assets would not be in the guardianship. Read as a whole, the statutes provide a summary inquisitorial proceeding to recover assets that should belong in the ward's estate, a purpose which would be defeated if the assets necessarily had to be titled in the ward at the time of inquiry.
Accordingly, defendant's first assignment of error is overruled.
Defendant's fourth assignment of error contends the probate court abused its discretion in denying fees for her services as guardian of Loughridge. Although the probate court previously had granted fees, in the order finding defendant guilty of concealing assets it rescinded the fee award and ordered defendant to repay over $14,000 in fiduciary fees already received. Defendant asserts the trial court erred failing to apply the three-prong test found in In re Guardianship of Wolfe
(P.C. 1938), 29 Ohio Law Abs. 184 before rescinding the award. The guardianship responds that since the court found defendant concealed or embezzled assets from the estate, the probate court was well within its discretion in denying fiduciary fees to defendant.
Pursuant to R.C. 2109.53, "[i]f a judgment is rendered against a fiduciary under section 2109.52 of the Revised Code, he shall forthwith be removed by the probate court and that part of the trust not already administered shall be committed to some other person. A fiduciary so removed shall not receivecompensation for acting as fiduciary and must be charged in his account with the amount of such judgment." (Emphasis added.) Given that statutory provision, the probate court properly denied fees to defendant after finding defendant had concealed, embezzled, or conveyed away the assets of the guardianship. Inre Trust of Deibel (1949), 86 Ohio App. 346. Moreover, even if the trial court had specifically applied the three-prong test of Wolfe, the result would not have been different. Under the first prong of Wolfe, those requesting fees must have acted in good faith. A finding of guilt under R.C. 2109.52 is tantamount to a finding that defendant acted in bad faith. Sexton v.Jude (Sept. 7, 1994), Montgomery App. No. 14227, unreported, citing In re Estate of Toth (Nov. 29, 1993), Stark App. No. CA-9312, unreported. Defendant's fourth assignment of error is overruled.
Finally, defendant's fifth assignment of error alleges that the probate court erred when it assessed damages against her that were not reasonably certain. Relying exclusively on the SMC's report and testimony, the court awarded $89,205 in damages: $59,660 of assets withdrawn from the investment accounts that could not be traced, a deficiency of $20,045 in the accountings filed with the court, and the $9,500 loan that was impropely accounted.
When reviewing a damages award, an appellate court must not reweigh the evidence, and may not disturb an award of damages unless it lacks support from competent, credible evidence.Bemmes v. Public Emp. Retirement Bd. (1995), 102 Ohio App.3d 782,788. Where damages are established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. Brewer v. Brothers (1992), 82 Ohio App.3d 148,154.
While defendant does not challenge the award of $20,045, defendant contends generally that the report of the SMC was not accurate enough to support any damages. More specifically, defendant first contends that $6,000 in approved but unpaid guardian fees should not be a part of the $59,660, since she never received that amount. As defendant notes, the SMC testified that of the $59,660 reported in withdrawn assets, $20,844 represented approved guardian fees, including $6,216 of unpaid guardian fees. The SMC indicated that the $59,660 should be reduced by $6,216. (Tr. 21.) The trial court erred in including the $6,216 in unpaid guardian fees as damages.
Defendant next contends the $9,500 loan was included in the $59,660 award and thus should not have been separately awarded. The probate court determined that the $59,660 did not include the $9,500 loan, but included a different loan in the amount of $10,000 to Matthews from guardianship assets.
The SMC's report and testimony confirms that defendant made a loan of $10,000 to Matthews from guardianship assets. The loan was neither accounted for nor was it approved by the probate court. The SMC noted that Matthews was repaying the loan in the amount of $200 to $250 a month and that defendant made purchases of investments in increments of $200 and $250 in the total amount of $2,000. The SMC's report thus provides competent, credible evidence that two loans were involved in this case: one before the guardianship began in the amount of $9,500 that allegedly was paid back to Matthews out of estate assets, and a second loan in the amount of $10,000 to Matthews after the guardianship began, which defendant did not report.
In response to the evidence, the court stated that "there's $59,660 which includes that $10,000 loan which is not the same loan that was made before the guardianship was commenced; is that correct? We've got two different loans?" (Tr. 53.) In response, the SMC responded "I think so, but I believe that the initial loan from [Matthews] to the guardianship is accounted for because its inaccurately accounted; but it's showing as a loan from the guardian to the guardianship." (Tr. 53.) As a penalty for defendant's improper accounting of the first loan from Matthews, the probate court then assessed $9,500, representing the first loan, as damages separate and distinct from the $59,660 already awarded. As the court noted, "[w]ell, I'm going to assess that $95 [sic] against the guardian because she says — I mean, this is a statement, an account, which is an affidavit by you that you loaned money; and you didn't do it." (Tr. 53.) Defendant admitted that she had not loaned the $9,500 in question.
Given the foregoing, the court did not include the $9,500 loan twice in its damages calculation. Rather, the court properly found that the $59,660 award included the $10,000 unaccounted for loan, but not the $9,500 loan. Accordingly, defendant's fifth assignment of error is sustained in part and overruled in part.
For the foregoing reasons, defendant's first, second, third and fourth assignments of error are overruled, her fifth assignment of error is overruled in part and sustained in part, and this case is remanded to the probate court to recompute damages consistent with this opinion.
Judgment affirmed in part and reversed in part; caseremanded.
KENNEDY and PETREE, JJ., concur.