Matthias, J.
The question of law presented in this appeal involves the construction and application of Section 10506-67 et seq., General Code, relating to the procedure in the Probate Court for a recovery of concealed or embezzled assets. It is the contention of the respondent that the purpose of the administrator was to employ this summary proceeding to secure an accounting of the funds belonging to the decedent which she is alleged to have handled or at various times had in her possession.
Section 10506-67, General Code, is as follows:
*379 “Upon complaint made to the Probate Court or Common Pleas Court of any county by a fiduciary, creditor, devisee, legatee, heir or other person interested in the trust estate, or by the creditor of any devisee, legatee, heir, or other person interested in the trust estate, against the fiduciary or any other person suspected of having concealed, embezzled or conveyed away or of being or having been in the possession of any moneys, goods, chattels, things in action, or effects of such estate, said court shall cite the person so suspected forthwith to appear before it to be examined, on oath, touching the matter of the complaint. The Probate Court shall also have power to initiate proceedings on its own motion.”
Section 10506-68, General Code, provides:
“The court in which such complaint is made shall forthwith proceed to hear and determine the matter.”
Section 10506-69, General Code, provides:
“If a person so cited, refuses or neglects to appear and submit to an examination, or refuses to answer interrogatories lawfully propounded, the court issuing the citation shall commit such person to the jail of the county, there to remain in close custody until he submits to its order and direction in that behalf.”
Section 10506-71, General Code, provides:
“If required by either party, the Probate Court shall swear such other witness or witnesses as may be offered by either party touching the matter of such complaint, and cause' the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed as aforesaid. ’ ’
Section 10506-73, General Code, is as follows:
“By the verdict of a jury, if either party requires it, or without, if not required, the court shall determine whether the person or persons accused is or are guilty *380 of having concealed, embezzled, conveyed away, or been in the possession of moneys, goods, chattels, things in action or effects of the trust estate, and if found guilty, the court shall assess the amount of damages to be recovered on account thereof; or the court, in its discretion, may order the return of the specific thing or things concealed or embezzled, or may order restoration in kind. The court shall have authority to cite into court all persons who claim any interest in the assets alleged to have been concealed, embezzled, conveyed or held in possession, and at such hearing shall have authority to hear and determine questions of title relating to such assets. In all cases except when the person so found guilty is the fiduciary, the court shall forthwith render judgment in favor of the fiduciary, or if there be no fiduciary in this state, in favor of the state, against the person or persons so found guilty, for the amount of the moneys or the value of the goods, chattels, things in action, or effects so concealed, embezzled, conveyed away or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing or things specifically restored, or returned in kind, as herein provided. If the person so found guilty is the fiduciary, the court shall forthwith render like judgment in favor of the state against him for such amount ox value, together with penalty and costs as aforesaid.”
It is urged by the administrator that these sections are applicable for the reason that the decedent at all times had title to such funds.
This court has construed the above statutory provisions and determined the scope of the inquiry which may be pursued thereunder. The earliest of those cases is Goodrich, Admr., v. Anderson, 136 Ohio St., *381 509, 26 N. E. (2d), 1016, paragraph one of the syllabus of which is as follows:
“The purpose of Sections 10506-67 to 10506-77, inclusive, General Code, relating to proceedings to discover concealed or embezzled assets of an estate, is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration. ’ ’
In the case of In re Estate of Black, 145 Ohio St., 405, 62 N. E. (2d), 90, this court held as follows in the syllabus:
“1. Sections 10506-67 and 10506-73, General Code, provide a summary means, inquisitorial in nature, to recover specific property or the proceeds or value thereof belonging to a trust estate, title to which was in a decedent at his death or in a ward when his guardian was appointed; or to recover property, belonging to a trust estate, concealed, taken or disposed of after the appointment of the fiduciary.
“2. A complaint filed under Section 10506-67, General Code, involves a charge of wrongful or criminal conduct on the part of the person accused.”
“5. Eesort may not be had to Section 10506-67 et seq., General Code, to collect a debt, obtain an accounting or adjudicate rights under a contract.”
It is to be noted in the instant case that the finding of the master commissioner is limited to holding that the respondent was ‘ ‘ guilty of having been in the possession of moneys of the estate of Robert S. Leiby, deceased.” This finding is only that at some time some funds were in the possession of the respondent. No evidence was offered tending to trace these funds into her personal estate. The administrator assumed no *382 burden other than to show that at the time of cashing the checks the respondent had a transitory possession of the proceeds thereof.
The report of the master commissioner erred in treating the regular weekly sums delivered to the decedent as part of the pay roll. The decedent was not an employee. What he received was from profits and, hence, was not a deductible item for income tax purposes as were the wages paid to the employees.
The finding against the respondent appears to be based entirely on an assumption by the master commissioner that the decedent was carried on the pay roll of his company at $50 per week and was computed by subtracting from the total of all the checks drawn by the decedent the amount of the regular pay roll plus this claimed $50 distribution to the decedent, thereby charging against the respondent the total amount stated in the checks excepting the weekly pay roll and the $50 for the decedent.
This position disregards the fact that in each weekly pay roll check, signed and indorsed by the decedent, there was by his authority included cash withdrawn for his personal use. In the handling of this money the respondent clearly bore a trust relationship to her employer. She came into possession of the cash upon instruction of the decedent for disbursement pursuant to his direction.
The reconciliation of the transactions between the respondent and the decedent involves a question of accounting. The respondent claims she paid all this money to the decedent, whereas the administrator claims she paid only $50 a week. The finding against the respondent was arrived at by a balancing of the amounts representing the excess of the checks over actual pay roll payments and the sums that the administrator claims were delivered to 'the decedent. *383 All the elements of an accounting between tbe parties thus appear in their transactions. The word, “accounting,” is defined in Words and Phrases (Perm. Ed.), as “an adjustment of tbe accounts of the parties and a rendition of a judgment for the balance ascertained to be due.”
Tbe administrator now asserts a claim of ownership of funds allegedly bandied by tbe respondent over a period of five years and three months. Tbe report of tbe master commissioner does not find that any of tbe funds are in her possession now or were in her possession at tbe time of decedent’s death or were in her possession at any time otherwise than in transition; nor does it appear that she owns any property, real or personal, to which any such funds are traceable.
Instead, be finds only that respondent bad “been in possession” of tbe money, tbe amount of which be determined by a process of accounting between tbe parties. The finding of tbe master commissioner results in tbe inclusion in tbe estate of tbe decedent tbe proceeds of checks signed and indorsed by him more than five years prior to his death. Such moneys clearly are not subject to recovery by summary judgment under Section 10506-73, General Code, and tbe proceeding instituted by tbe administrator herein was not one cognizable under Section 10506-67 et seq., General Code.
There was nothing shown by tbe facts in this case, as found by tbe master commissioner, which entitled tbe administrator to a summary judgment in this large sum plus a statutory penalty. Title to tbe money in question in this case was not in tbe decedent. Tbe administrator’s remedy was an action at law for tbe recovery of tbe money due or for an accounting between tbe parties.
Tbe General Assembly, by its appropriate use of *384 language in these sections, has limited the use of this summary proceeding to actions to recover specific property or the value thereof belonging to a trust estate, title to which was in a decedent at his death, or to the recovery of property belonging to a trust estate concealed, taken or disposed of after the appointment of a fiduciary. If cases like this one were authorized by such statutory provisions, administrators could call on recipients of decedent’s checks payable to “cash” and require them to prove payment of the proceeds thereof to the decedent. In this case, the record discloses that in 1947 and 1948, respectively, 20 checks totalling $1,714.63 and 20 checks totalling $2,217.24 were written by the decedent payable to “cash” and appear to have been indorsed by taverns and clubs. The administrator might equally seek to require the indorsees and all others who cashed such checks to account for the proceeds thereof. Certainly no one would contend that the indorsers of those checks could be proceeded against summarily under Section 10506-67 et seq., General Code, for the amount of such checks plus ten percent penalty.
For the reasons stated, the judgment of the Court of Appeals is reversed and final judgment is rendered for the respondent.

Judgment reversed.

Middleton, Tart and Hart, JJ., concur.
Zimmerman and Stewart, JJ., concur in paragraph one of the syllabus but dissent from the judgment.
Weygandt, C. J., dissents.