### LINDQUIST v. HAYES

Ohio Appeals, 6th Dist., Lucas Co.

No. 1671. Decided Feb. 23, 1926

293. CONTEMPT—Upon refusal to answer questions upon the ground that they might tend to incriminate, unless questions are material and relevant to the issues involved, it is not contempt to refuse to answer questions not pertinent to the issues.

33. ADMINISTRATION OF ESTATES— Where money of decedent's estate is alleged to have been concealed, embezzled and conveyed away, to establish a prima facie case for conveying away of said money, plaintiff only required to show by preponderance, that money was decedent's and were assets of estate.

WILLIAMS, J.

Inez Hayes, as administratrix of the estate of Paul C. Hayes, deceased, instituted an action against May Hayes Lindquist, claiming that she had concealed, embezzled and conveyed away money belonging to said decedent and assets belonging to his estate.

6. Fraudulent or criminal intent is not a necessary element in making out the plaintiff's case under these sections.

7. Evidence in answer to the questions asked Lindquist would be immaterial, and none dent.

Upon trial, Lindquist was called for cross-examination, and admitted that she had withdrawn $13,120.37 from the bank believing that she owned such money. She was further asked in what form she drew the money, what she did with it, how long it was in her possession and questions of a similar nature.

All of these Lindquist refused to answer upon the ground that to do so might tend to incriminate her. The trial court held to an-

## STATE COURT OF APPEALS—Continued

swer would not in any way tend to show criminal guilt and ordered her to answer. Upon further refusal to answer, the court found Mrs. Lindquist guilty of contempt under 10675 GC., and sentenced her in the county jail.

Error was prosecuted to reverse the judgment and the Court of Appeals held:

1. Where a witness refuses to answer a question upon the ground that to do so might tend to incriminate him, the witness is not the sole judge as to whether the answer will have such effect; but a question is presented for the determination of the court; and if it appears from the circumstances that there is a reasonable ground to apprehend that the answer will have the effect claimed by such witness, he can not be required to answer.

2. Unless the questions put were material and relevant to the issues involved in the case on trial, it is not contempt to refuse to answer a question which is not pertinent to the issues.

3. Under 10673 GC. et seq. (upon which the action was predicated) Hayes cannot recover possession of the specific money alleged to have been concealed, embezzled or conveyed away; but she is only entitled to recover, if at all, a money judgment.

4. Lindquist having admitted the withdrawal from the bank and the retention of the money, under the belief that she owned it, admitted that she had conveyed it away within the meaning of the term as used in 10623 GC.

5. To establish a prima facie case for the conveying away of said money, Hayes was only required to establish by a preponderance of the evidence that the money was that of the of them would, in fact, elicit a fact pertinent to the issues; so that she would not be guilty of contempt.

Judgment reversed and plaintiff in error discharged.

Attorneys—Allen J. Seney and Boggs & Doty for Lindquist; Calkins, Storey & Nye and Fraser, Hiett & Wall for Hayes; all of Toledo.