Myers, J.
 

 The original proceeding was filed by the administrator in Probate Court under favor of Sections 10506-67, 10506-73 and 10506-75, General Code. It is a special proceeding to discover assets of an estate which have been concealed or embezzled.
 

 The immediate issue raised in the trial in the Court of Common Pleas concerns the admissibility of evidence relative to the mental capacity of the father of the defendant when he gave the latter the notes. The defendant testified that he had received the notes as a gift. The administrator thereupon sought to introduce evidence to prove that the father was mentally incompetent to make such a gift. Refusal of the Court
 
 *511
 
 of Common Pleas to admit such evidence is the principal error assigned and urged by the plaintiff in this case.
 

 The primary purpose of the proceeding was to discover assets. The complaint stated that the administrator had good reason to suspect that the defendant had in his possession certain notes, goods and chattels of the estate. The complaint was not a pleading containing a cause of action and prayer for a money judgment upon the promissory notes. The complaint under the law did not require nor was there any answer filed by the defendant. The only issue raised by the complaint was whether the defendant, C. Prank Anderson, concealed any assets of the estate of William H. Anderson. It was an inquiry into certain facts and circumstances. The evidence clearly showed that the defendant had received the notes from his father about six months before the latter’s death. The son testified to this. There was no concealment about the matter. He further testified that he burned the notes within a week after his father gave them to him.
 

 What the mental capacity of the elder Mr. Anderson was at the time he gave the notes to his son was not an issue in the proceeding. Whatever right the administrator may have to file a civil action against the defendant in respect to the promissory notes is not an issue here. In such an action the mental capacity of the father to make such a gift would no doubt become a material issue. In this proceeding it is premature. The Court of Common Pleas was not in error in excluding evidence regarding the mental capacity of William H. Anderson.
 

 The character of the proceeding is the same in the Court of Common Pleas as in the Probate Court. It is special and does not come within the orbit of a civil action for money only. While the authority of the court under such a proceeding is very broad for the purpose of discovering concealed or embezzled assets,
 
 *512
 
 it is not broad enough to litigate all the issues in the instant case, where the ultimate objective is a money-judgment and where there has been no concealment of assets. To that extent there is a limitation upon the “plenary power” granted to Probate Court in the last paragraph of Section 10501-53, General Code. In reaching this conclusion we are not required to determine how extensive such a proceeding, may be under other facts or circumstances. It is urged that Section 10506-73, General Code, provides for a jury trial when demanded. That is true, but not primarily for the purpose of rendering a money judgment on the promissory notes but rather to try the issue of whether there has been a concealment of assets.
 

 Section 10506-67, General Code, provides that such complaint may be made “by a fiduciary, creditor, devisee, legatee, heir or other person interested in the trust estate,” or even “by the
 
 creditor of
 
 any devisee, legatee, heir or other person interested in the trust estate.” (Italics ours.) The fact that any such enumerated person may file the complaint is an index of the character of the proceeding authorized. Under the same section of the code the Probate Court is authorized on its own motion to initiate such proceedings, in which event there would be no plaintiff
 
 in the first instance.
 
 The proceeding is special and designed to facilitate the administration of estates, but it may not be used primarily as a substitute for a civil action for a money judgment wherein pleadings are required properly to define the issues.
 

 The special proceeding instituted on such a complaint is gwsi-criminal in character. Section 10506-73, General Code, provides that where the court finds a person guilty of concealing assets it shall render judgment against such person for the value of the effects so concealed
 
 plus a ten per cent penalty.
 
 But in a civil action for money only on these notes there could be no ten per cent penalty added to the judg
 
 *513
 
 ment. Nor is there any authority in this proceeding under Section 10506-73 for a money judgment to be rendered without the ten per cent penalty. Therefore, in order to have jurisdiction to proceed to a money judgment in such a proceeding, there must first be a finding that there has been a concealment of assets. But if there be no concealment, as in the instant case, the court has no authority to proceed further. Under such circumstances the proper procedure is to dismiss the complaint as was done by the Court of Common Pleas.
 

 The judgment of the Court
 
 of
 
 Appeals will be affirmed.
 

 Judgment affirmed.
 

 Zimmerman, Williams, Matthias and Hart, JJ., concur.