The judgment of the district court is, accordingly, affirmed.

## In Re Estate of BROOKS, Deceased.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21431. Decided December 5, 1949.

R. E. McMonagle, Cleveland, for plaintiff-appellee.

Bernsteen & Bernsteen, Jos. S. Kreinberg, Cleveland, for defendant-appellant.

(GUERNSEY, PJ, MIDDLETON, J of 3rd District; DOYLE, J, of 9th District sitting by designating in 8th District.)

**OPINION**

By DOYLE, J.

Curtis D. Brooks, Administrator of the estate of Curtis F. Brooks, deceased, charged one Florence Bartell, by proceedings in the Probate Court of Cuyahoga County, with having concealed, embezzled or conveyed away moneys, goods, chattels, things in action or effects belonging to the estate of said Curtis F. Brooks, deceased. Pursuant to trial, the complainee, Florence Bartell was adjudged guilty "of the complaint against her as to specific property, to-wit, note to Curtis F. Brooks from Palley-Pierce Inc." and she was ordered to return the said note to the administrator of the estate. Following the overruling of a motion for new trial, appeal on questions of law was perfected to this court from the judgment rendered.

The action was brought under the provisions of §10506-67 GC which is in the following terms:

"Upon complaint made to the Probate Court or Common Pleas Court of any county by a fiduciary, creditor, devisee, legatee, heir or other person interested in the trust estate, or by the creditor of any devisee, legatee, heir or other person interested in the trust estate, against the fiduciary or any other person suspected of having concealed embezzled or conveyed away or of being or having been in the possession of any moneys, goods, chattels, things in action or effects of such estate, said court shall cite the person so suspected forthwith to appear before it to be examined, on oath, touching the matter of the complaint. The Probate Court shall also have power to initiate proceedings on its own motion."

Under the provisions of §10506-73 GC.

"the court shall have * * * authority to hear and determine questions of title relating to such assets"

and

"in its discretion may order the return of the specific thing or things concealed or embezzled * * *."

While we do not deny the right of the Probate Court to hear evidence and determine the question of title to property in an action properly brought under the statute quoted above and under proper circumstances to order a return of a

specific thing, we find no evidence in the case before us to justify the court in finding that the complainee "**concealed, embezzled or conveyed away**" a promissory note, the right to the possession of which is here claimed by the administrator. In fact the evidence shows that the person charged, at all times openly and notoriously admitted possession of the instrument under a claim of right and in fact produced it in court at the time of the trial.

If, under the language of the statute, the complaint had charged the complainee with "being or having been in the possession of" the promissory note the title to which is claimed by the administrator, and an order had been made against her on that ground, then a different question would be here presented. See, **In re Guardianship of Sanderson, State ex rel Ellsworth Guardian, appellant, v. Perry, appellee, 64 Oh Ap 177.**

Judgment reversed and final judgment for appellant. Exc.

GUERNSEY, PJ, MIDDLETON, J, concur.