UKRAINIEC, APPELLANT, v.
BATZ, APPELLEE.

(No. 10656—Decided November 4, 1982.)

*Shirley A. Mowdood,* for appellant.
*Ernest R. Stein,* for appellee.

MAHONEY, P.J. Jacob W. Ukrainiec, Jr., plaintiff-appellant and Administrator of the Estate of Nicholas Ukrainiec, challenges the judgment of the probate court finding Mary Batz, defendant-appellee, not guilty of concealing estate assets under R.C. 2109.50 and dismissing the complaint. We affirm.

### Facts

The decedent, Nicholas Ukrainiec, was born in the Ukraine and immigrated to the United States when he was a young man. His wife, Fannie Ukrainiec, was also an immigrant. They had three children: Jacob, Sr., Michael and Mary Ukrainiec Batz. Both Mr. and Mrs. Ukrainiec worked at the Goodyear Tire & Rubber Co.

Although both had limited educations, hard work and frugal habits allowed them to accumulate sizeable estates, including various bank accounts and real estate holdings. Nicholas Ukrainiec placed these funds in various bank accounts originally standing in his and his wife's names. In 1977, Mary Batz's name was added to these accounts even though she did not contribute any funds.

In 1978, Fannie Ukrainiec entered Akron City Hospital for treatment of a stomach ulcer and was subsequently transferred to a nursing home. She died intestate on April 11, 1979. On January 12, 1979, Nicholas Ukrainiec was admitted to the nursing home. He was subsequently discharged for a short time but was readmitted in September 1979. He remained at the home until he was transferred to St. Thomas Hospital on February 15, 1980, where he died intestate the next day.

While her parents resided in the nursing home, Mary Batz assisted them with their finances. She deposited Social Security and pension checks and helped write checks to pay their bills. Shortly before her mother's death, she closed all the accounts in which Fannie Ukrainiec had an interest and used the funds to open new accounts in the names of Nicholas Ukrainiec and Mary Batz. She testified that she "rolled over" the accounts at her father's direction because he was afraid the banks would "hold up the money" after his wife's death. Approximately nine months before her father's death, she took possession of the passbooks and, without any order from him, transferred the money into bank accounts standing in her name alone. Withdrawals from these accounts were spent solely on the needs of Nicholas Ukrainiec.

Jacob Ukrainiec, Jr. is the grandson of Nicholas and Fannie Ukrainiec and the duly appointed administrator of his grandfather's estate. The decedent was known to have accumulated sizeable assets during his lifetime but had none present in his name at death. Thus, Jacob Ukrainiec, Jr. filed a concealment of assets complaint (R.C. 2109.50) against Mary Batz. At trial, Batz admitted having possession of the funds but claimed that her father had given her the money or said she was to have the money upon his death.

The trial court held that title to the proceeds of the account lies in the estate but refused to find Mary Batz guilty of concealment and dismissed the complaint.

### Law and Discussion
### Assignments of Error

"1. Plaintiff-appellant contends that the court erred in finding the defendant not guilty pursuant to Revised

Code 2109.50, and such judgment is against the manifest weight of the evidence.

"2. Plaintiff-appellant contends that the court erred in failing to render a decision on the title to the assets in question and assessing the appropriate penalty of Revised Code 2109.52."

Appellant agrees with the trial court's finding that title to the assets lies in the estate. However, he contends that, as a matter of law, one in possession of assets rightfully belonging to the estate is, without more, guilty of concealment. We do not agree.

R.C. 2109.50 provides in pertinent part:

"Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *"

The purpose of the statute is to provide a speedy and effective method of discovering assets belonging to the estate and of securing possession of such assets. It is not intended as a substitute for a civil action to collect a debt, obtain an accounting, adjudicate rights under a contract or recover judgment for money owing an executor or administrator. *Goodrich* v. *Anderson* (1940), 136 Ohio St. 509 [17 O.O. 152]; *In re Estate of Black* (1945), 145 Ohio St. 405 [31 O.O. 31].

*Fecteau* v. *Cleveland Trust Co.* (1960), 171 Ohio St. 121 [12 O.O.2d 139], has been cited to support appellant's contention. However, *Fecteau* v. *Cleveland Trust Co.* merely holds that title to joint and survivorship accounts, considered contracts under Ohio law, may be the subject of a complaint pursuant to R.C. 2109.50. In *Fecteau*, complainant alleged that the account was for convenience only and that defendant was wrongfully in possession of money from the account. The court held that, under such circumstances, the trial court erred in dismissing the complaint for failure to state a cause of action for the relief prayed for. In our opinion, *Fecteau* does not hold that mere possession of estate assets constitutes concealment.

R.C. 2109.50 is a quasi-criminal statute. It requires a finding of guilty or not guilty and mandates that certain sanctions be imposed on a guilty defendant, including assessment of a ten percent penalty. See R.C. 2109.52. Thus, to prove concealment, complainant must show more than possession of estate assets. If such were the only proof necessary, all questions of disputed title could be brought under the concealment statute thereby making the statutory provisions for declaratory judgment (R.C. 2721.05) and exceptions to the inventory (R.C. 2109.33) superfluous. Further, the estate would be enriched by ten percent of each claim however innocent the possession.

To the contrary, a violation of R.C. 2109.50 involves wrongful or culpable conduct on the part of the person accused. *In re Estate of Black, supra,* paragraph three of the syllabus; *In re Estate of Johnson* (1943), 38 Ohio Law Abs. 372; *Gregg* v. *Kent* (1938), 27 Ohio Law Abs. 628. In the instant case, the probate court found that Nicholas Ukrainiec intended his daughter to have some interest in the accounts beyond mere convenience. Thus, Mary Batz

withheld the assets under the mistaken but good faith belief that her father had legally given her the funds. Under these circumstances, the lower court did not err by finding her not guilty of concealment.

### Summary

Appellant's assignments of error are overruled. The judgment is affirmed.

*Judgment affirmed.*

QUILLIN and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.