In re ESTATE OF POPP.

[Cite as *In re Estate of Popp* (1994), 94 Ohio App.3d 640.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64718.

Decided April 18, 1994.

*Hugh A. Carlin, Gallagher, Sharp, Fulton* and *George W. Stuhldredher,* for appellee Estate of Popp.

*Roy E. Lachman,* for appellant Ohio Savings Bank.

HARPER, Judge.

Appellant, Ohio Savings Bank ("the bank") appeals from the summary judgment granted by the Cuyahoga County Court of Common Pleas, Probate Division. For the reasons below, we affirm.

## I

Joan Popp died intestate on January 31, 1991, in Cuyahoga County, Ohio. At the time of Joan Popp's death, she had a deposit of $55,505.13 in her savings account with the bank. On February 13, 1991, less than one month after Joan Popp's death, William A. Hamann, Jr. presented to the bank forged tax releases and forged letters of administration. He was subsequently issued a check by the bank in the amount of $55,833.81 from the savings account of Joan Popp. William A. Hamann, Jr. represented himself to the bank as the administrator of the Estate of Joan Popp. At the time of the withdrawals, February 13, 1991, no fiduciary had been appointed by the probate court with respect to the decedent's estate.

On June 6, 1991, Alan Gelbman was appointed by the probate court as the administrator of the Estate of Joan Popp.

At the criminal trial of William A. Hamann, Jr. in the Cuyahoga County Court of Common pleas, he was convicted of forgery, uttering, and theft from the Estate of Joan Popp

On July 23, 1991, Alan Gelbman, the administrator of the Estate of Joan Popp, filed a complaint in the probate court against Hamann and the bank for concealment and embezzlement. On November 22, 1991, the administrator filed an amended complaint for concealment, embezzlement, and conveying assets against the bank, Marvin Schatz, Cuyahoga Savings Bank, First Federal Savings Bank, Third Federal Savings and Loan Association of Cleveland, Cardinal Savings Bank and TransOhio Savings Bank. The claims against the other defendants named above have either been dismissed or settled out of court, or are pending on issues which are undisturbed by this appeal.

## II

After the trial court's grant of summary judgment in favor of appellee Estate of Joan Popp, this appeal followed, with appellant filing the following assignments errors for our review:

"I. The Probate Court erred in denying OSB's Motion to Dismiss and/or For Summary Judgment because: (1) it lacked subject matter jurisdiction over an O.R.C. § 2109.50 complaint against a financial institution when the complaint was based on withdrawal of funds pursuant to forged Probate Court and Estate Tax documents, (b) OSB lacked the requisite *scienter* to be convicted under such

statute, and (c) the relationship between the parties was that of debtor and creditor.

"A. The Probate Court lacked subject matter jurisdiction.

"B. Even if the Probate Court possessed jurisdiction, summary judgment should have been entered in OSB's favor because it did not act with *scienter*.

"C. The Administrator cannot properly use O.R.C. § 2109.50 as a collection device in the context of a debtor-creditor relationship.

"D. The Administrator has failed to meet his burden under Civil Rule 56.

"II. The Probate Court erred in granting the Administrator's Motion for Summary Judgment because: (a) the Administrator was not entitled to judgment as a matter of law, (b) the statute does not permit conviction upon summary judgment, (c) the materials attached to the Administrator's motion were insufficient [under] Civil Rules 56(C) and (E), (d) there were genuine issues of material fact, and (e) the Administrator was collaterally estopped from pursuing the claim.

"A. As a matter of law, the Administrator's summary judgment motion should have been overruled.

"B. O.R.C. §§ 2109.50 *et seq.* area a [*sic*, are] quasi-criminal statutes, require a jury trial by their terms, and do not permit 'conviction by summary judgment.'

"C. The materials attached to the Administrator's motion were insufficient under Civil Rules 56(C) and (E).

"D. Genuine issues of material fact precluded summary judgment for the Administrator.

"E. The Administrator is collaterally estopped from pursuing his claim herein.

"III. The Probate Court erred in overruling OSB's Motion to Dismiss for insufficiency of service of process.

"IV. The Probate Court's denial of OSB's Motion to Dismiss and/or For Summary Judgment, and its grant of the Administrator's Motion for Summary Judgment, permitted OSB to be convicted of a quasi-criminal offense without the requisite *scienter*, in violation of the United States and Ohio Constitutions.

"V. The Probate Court erred in denying OSB's Constitutional and statutory rights to a speedy trial and to a jury trial.

"VI. The Probate Court erred in denying OSB any discovery.

"VII. The Probate Court erred in failing to rule on OSB's Motion to Certify.

"VIII. The Probate Court erred in denying OSB leave to file its complaint or cross-claim against other defendants."

As a preliminary issue, we note that Wendy Hoyt and Gayle Van Huysen filed a brief as substitute appellees in the within case in disregard of this court's decision denying such request. See journal entry dated June 21, 1993. In light of our denial of Hoyt and Van Huysen's motion to substitute for the Estate of Joan Popp as appellees in this action, the brief of Hoyt and Van Huysen is of no force and effect in this case and the same is stricken from the record.

## III

Appellant argues in its first assignment of error that the trial court erred by denying its motion to dismiss for lack of subject matter jurisdiction. Appellant argues that since appellee's action was based upon a debtor/creditor relationship, R.C. 2109.50 does not apply. Appellant's argument has no merit.

R.C. 2109.50 states in pertinent part as follows:

"Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint."

One of the elements of filing a complaint under R.C. 2109.50 is that a defendant is suspected of conveying away or of being or having been in possession of any moneys, chattels or choses in action of an estate. In the within action, appellant is alleged to have conveyed away to an unauthorized recipient a certain sum of money belonging to the Estate of Joan Popp that was deposits made by Joan Popp during her lifetime. Certainly a financial institution which conveys out money in its possession to an unauthorized individual without the consent of the deceased or his estate comes within the provisions of R.C. 2109.50 *et seq.* See *Fecteau v. Cleveland Trust Co.* (1960), 171 Ohio St. 121, 12 O.O.2d 139, 167 N.E.2d 890. Since appellee's complaint involves wrongful or culpable conduct on the part of appellant, see *In re Estate of Black* (1945), 145 Ohio St. 405, 411, 62 N.E.2d 90; *In re Estate of Curran* (Nov. 25, 1985), Stark App. No. CA–6720, unreported, 1985 WL 4177, jurisdiction is appropriate in the probate court. *In re Brooks* (1949), 56 Ohio Law Abs. 15, 90 N.E.2d 605. Unlike appellant, we understand this case to be an action for wrongful conveyance and not possession; therefore, neither *Leiby v. Cosgrove* (1952), 157 Ohio St. 374, 47 O.O. 265, 105

N.E.2d 583, nor *Goodrich v. Anderson* (1940), 136 Ohio St. 509, 17 O.O. 152, 26 N.E.2d 1016, is applicable.

Appellant further argues that summary judgment should have been entered in its favor because the trial court did not find that it acted with scienter. Appellant cites *Ukrainiec v. Batz* (1982), 24 Ohio App.3d 200, 24 OBR 323, 493 N.E.2d 1368, for the proposition that scienter is an element that must be shown to get a conviction under R.C. 2109.50. We disagree. The *Batz* case is distinguishable from the instant case for the following reasons: the *Batz* court did not find any concealment but rather found that Mary Batz was merely in possession of the estate assets, *id.* at 202, 24 OBR at 325, 493 N.E.2d at 1369, a big difference in statutory interpretation of R.C. 2109.50. The court also found that Batz's father intended to give his daughter an interest in the assets she had in her possession, indicating no act of concealment on her part.

In the instant case, the bank intended to convey the money and did convey the money, albeit to a wrong party. A complaint filed under R.C. 2109.50, although quasi-criminal in character, is controlled by the laws governing civil proceedings in the probate court. *In re Howard* (1947), 79 Ohio App. 203, 80 Ohio App. 80, 72 N.E.2d 502. So the strict invocation of the Rules of Criminal Procedure underscores the very intent of the legislature in enacting R.C. 2109.50, which is to provide a summary means, inquisitorial in nature, to recover specific property or the proceeds or value thereof belonging to an estate. *In re Black* and *Goodrich v. Anderson, supra*. Thus, in a proceeding against a financial institution under R.C. 2109.50 for wrongful conveyance, it must first be established that there was a conveyance, made to a wrong party, after which all that is required is to show by a preponderance of evidence that the money belonged to the decedent; it is not necessary to establish that the conveyance was made with a fraudulent or criminal intent. See *Lindquist v. Hayes* (1926), 22 Ohio App. 141, 153 N.E. 297. In the instant case, we have no doubt that all the elements of wrongful conveyance have been established, as appellant has not denied conveyance of the deceased's money to Hamann. Accord *Leonard v. State ex rel. Scott* (1914), 3 Ohio App. 313.

Appellant argues further that:

"As shown by Ms. Lucyk's affidavit and the Administrator's partial deposition, OSB was not 'aware that * * * [its] conduct * * * will * * * probably be of a certain nature' when it released the funds to Hamann. OSB released these funds to Hamann under the good faith but mistaken belief that he was the authorized representative of the Popp Estate. OSB was duped by a clever forgery by an experienced attorney who had long been trusted by the Probate Court, and who had also been entrusted by the decedent's sister and by the attorney she retained, Mr. Schatz, with account papers, death certificate, and so forth. OSB

did not therefore act knowingly. It was a victim, pure and simple. OSB lacked *scienter*, and the Administrator has never denied this."

We are no more persuaded by this argument than we are by the others before it. The law of commercial paper remains true today as it was before the UCC was codified. R.C. 1303.40 (UCC 3–404) provides:

"(A) Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value."

"Unauthorized signature" is defined in R.C. 1301.01 (UCC 1–201) to include forgery and a signature made by an agent exceeding his actual or apparent authority. See Official Comments to UCC 1–201. The law is settled in Ohio that regardless of the custom among bankers as to the method of payment, where a bank relies upon false representations as to identity for which neither the drawer nor payee is responsible, it makes payment to a wrong person at its peril. *Dodge v. Natl. Exchange Bank* (1876), 30 Ohio St. 1. Appellant's mistaken argument notwithstanding, the evidence is undisputed that the conveyance made by appellant was a result of forged instruments presented to it by Hamann. A forged instrument is not merely voidable, but absolutely void, and there can be no ratification of forgery, or a mistake by its acceptance that will make a forged instrument valid, as appellant would want us to believe. See *Shinew v. First Natl. Bank* (1911), 84 Ohio St. 297, 95 N.E. 881; *Workman v. Wright* (1878), 33 Ohio St. 405.

Unless there is any evidence in the instant case which can be interpreted as a direction by either the deceased or her estate to the bank to convey any money without reference to the genuineness of the endorsement, or a prior course of dealing between the deceased and the bank warranting such payment, the bank is liable if payment is made on an unauthorized endorsement. The bank does not have to know that the instrument was forged or that the presenter has a criminal intent. See *Jones' Sons v. Peoples Bank* (1917), 95 Ohio St. 253, 116 N.E. 34.

Appellant's first assignment of error is overruled.

### IV

Appellant argues in its second assignment of error that summary judgment was improper because the statute does not permit conviction upon summary judgment. We note this argument to be inconsistent with appellant's other arguments that fault the trial court for not granting its motion for summary judgment. However, this inconsistency notwithstanding, we held *supra* that R.C.

2109.50 may be quasi-criminal in nature, but the Rules of Civil Procedure as practiced in the probate court are applicable. Summary judgment, being one of the procedures available in the probate court in the adjudication of cases, may be used in an R.C. 2109.50 proceeding if all the elements apply. We hold as such because R.C. 2109.50 by its enactment is intended as a summary proceeding to recover decedent's money that is alleged to be concealed, embezzled, or conveyed away. Therefore, a requirement of all the niceties of a full criminal or civil proceeding would be inapposite to the legislative intent. See *Jones v. Neu* (1958), 106 Ohio App. 161, 6 O.O.2d 428, 150 N.E.2d 858 (where the court held evidence against impeachment of a party's own witness inapplicable). See, also, *Goodrich v. Anderson, supra; In re Howard, supra; Stone v. Woods* (1959), 110 Ohio App. 277, 11 O.O.2d 302, 167 N.E.2d 122 (where the court held that any issue outside the statute should be relegated to a civil action with appropriate pleading). See, also, *In re Jones* (1952), 68 Ohio Law Abs. 282, 122 N.E.2d 111. Since R.C. 2109.50 provides for a special proceeding that does not require a jail sentence but only a recovery of the assets or their values and a ten percent fine when applicable, see *Eger v. Eger* (1974), 39 Ohio App.2d 14, 68 O.O.2d 150, 314 N.E.2d 394, summary judgment may be granted by the court.

"Summary judgment is a potentially useful, but extraordinary, procedure wherein the trial of issues of fact made up by the pleadings is avoided. Because summary judgment represents a shortcut through the normal litigation process by avoiding a trial, the burden is strictly upon the moving party to establish, through the evidentiary material permitted by the rule, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Civ.R. 56(C)." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.

In the instant case, appellant has never denied conveying money belonging to the estate to a wrong party. Its argument is a defense of mistake, which we have stated does not absolve it from liability. Therefore, since there remains no genuine issue of fact to go to the trier of fact, summary judgment is appropriate. See *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

Appellant argues that there is a genuine issue of fact as to whether the decedent herself conveyed away her certificates of deposit to Hamann. Appellant has continually argued that it is an innocent party that was duped by Hamann and has consistently acknowledged that Hamann forged the endorsements he used in obtaining funds from the bank. We, therefore, find the argument of a possible conveyance by the decedent to the forger inconsistent with the acknowledgments already made by appellant that Hamann obtained the funds by fraudulent means.

Appellant further argues that appellee was estopped because its action in fraud against Cardinal Federal Savings Bank was dismissed by the court for lack of subject matter jurisdiction. This is not an action for fraud, and estoppel is not applicable. However, appellant is not Cardinal Federal Savings Bank nor is there any evidence that it is in privy with Cardinal Federal Savings Bank.

Appellant's second assignment of error is overruled.

## V

Appellant argues in its third assignment of error that service of process was defective. It argues that the complaint was left at a receptionist's desk at the bank but was never handed to Robert Goldberg, the bank's chief executive officer to whom the summons was addressed in person. The law in the state of Ohio remains that service is proper in cases where the Civil Rules on service are followed, unless rebutted by sufficient evidence. *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 23 O.O.3d 34, 429 N.E.2d 1188. In the absence of evidence to the contrary, the address used by a plaintiff in a complaint will be assumed to be an address where it is reasonable to anticipate that service will be delivered to the defendant. See *J.R. Productions, Inc. v. Young* (1982), 3 Ohio App.3d 407, 3 OBR 474, 445 N.E.2d 740.

Civ.R. 4.2(6) provides that:

"Service of process * * * shall be made as follows:

" * * *

"Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation[.]"

A corporation may be served within the meaning of Civ.R. 4 when the summons and complaint are served on a receptionist of the corporation, who by all standards of legal interpretation is an agent of the corporation. We cannot envision the circumstance when the party delivering the summons and complaint will be allowed to march into the executive's office and hand-deliver the summons to the chief executive officer. The first line of offense or defense in a corporation is the office of the receptionist, where the buck begins. If the receptionist is good enough to intercept all mail going to various people in the corporation before it reaches its destinations, he or she is good enough to receive a summons and complaint destined for the officer within the line of his or her reception. If we sanction appellant's argument that a receptionist cannot accept a summons on behalf of his or her superiors, we would effectively put a nail to the service of process on corporations, and by legal fiat declare corporations immune from

lawsuits because all the person who is supposed to receive the summons has to do is to remain in the office when told by no other than the receptionist that there is somebody at the desk waiting to serve him or her with the summons. It would not be prudent on the officer's part to come out and be served with the summons when all the officer would have to do would be to wait and come later to the court and plead the defense of improper service and avoid the lawsuit. We do not believe that the rules of service are intended for such cheap defenses. We also note that appellant never argued that it did not receive the summons; hence, the record shows that it filed an answer, and responded to all motions.

Since appellant has failed to prove defective service of process, its third assignment of error is overruled.

## VI

Appellant argues in its fourth assignment of error that the trial court's judgment violated the Ohio and United States Constitutions by convicting it of a quasi-criminal offense without the requisite scienter. We have dealt *supra* with the scienter issue and will not rehash that argument all over again. We have already stated that although R.C. 2109.50 may be quasi-criminal, it does not carry all attributes of a criminal conviction but is intended to accomplish one purpose, which is to recover concealed or conveyed assets of a decedent. A requirement of scienter as anticipated in an ordinary criminal proceeding is unwarranted.

Appellant's fourth assignment of error is overruled.

## VII

Appellant argues in its fifth assignment of error that the trial court denied it its constitutional and statutory rights of a speedy trial and to a jury trial. This court will not be dragged into appellant's insistent characterization of R.C. 2109.50 as an ordinary criminal statute, which it is not, or accept a diversion from the real issue presented, which is whether appellant was properly convicted of an improper conveyance, which we hold that it was. Since appellant cannot properly characterize an R.C. 2109.50 conviction as a misdemeanor or a felony, it cannot prove a violation of either a constitutional or statutory right to a speedy trial. According to R.C. 2945.71 *et seq.*, a person has to be charged with a misdemeanor or felony to invoke the protection of the speedy trial laws. This argument, therefore, has no merit.

Appellant further argues that it was denied its right to a jury trial. There is no absolute right to a jury trial under R.C. 2109.50. Where as in this

case there is no genuine issue to present to the jury, the trial court cannot and should not grant a jury trial even when requested. See R.C. 2109.52.

Appellant's fifth assignment of error is overruled. -

## VIII

Appellant argues in its sixth assignment of error that it was denied the right to discovery. Allowance of discovery and the limit thereof are within the sound discretion of the trial court, and any party challenging the trial court's decision must demonstrate abuse of discretion. Appellant argues that the trial court prevented it from attempting to establish its defense of *mens rea* in its request for admission from the administrator of the estate. It is the burden of the party claiming abuse of discretion in the trial court's refusal to allow discovery to show that the trial court's denial was improvident and prejudicially affected his substantial right to an effective litigation. *Smith v. Klein* (1985) 23 Ohio App.3d 146, 23 OBR 387, 492 N.E.2d 852. Appellant has failed to show that it was prejudiced by the trial court's refusal to allow the questions put forth to the administrator, especially in light of our holding that appellant's *mens rea* in conveying the money belonging to the estate is irrelevant to its conviction under R.C. 2109.50.

Appellant's sixth assignment of error is overruled.

## IX

Appellant argues in its seventh assignment of error that the trial court erred in not ruling on its motion to certify. We consider this assignment as a request to rule that the trial court erred in denying appellant's motion to certify, since where a court fails to rule upon an objection or motion, it will be presumed that the court overruled the objection or motion. *Solon v. Solon Baptist Temple* (1982), 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858.

Actions under R.C. 2109.50 *et seq.* are specifically to be brought in the probate court. R.C. Chapter 2109 does not require the trial court to certify an action to the court of common pleas when a party believes the court either is biased or may have an interest in the case. In the instant case, the trial court did not err in denying appellant's requests and instead transferring the case to another probate court. Assuming *arguendo* that certification is required as argued by appellant pursuant to R.C. 2101.38, the trial court was not shown to be an interested party as contemplated by the statute.

X

[23] Appellant in its eighth assignment of error argues that the trial court erred by denying its request for leave to file a complaint or cross-claim against other defendants. Appellant argues without substance that it was entitled to file a complaint under R.C. 2109.50 *et seq.* because TransOhio Savings Bank conveyed away assets belonging to it.

A careful review of R.C. 2109.50 *et seq.* reveals that action under the statute is reserved for a summary recovery of assets belonging to the deceased which are concealed or conveyed away. Since the bank is not deceased within any imaginative interpretation of R.C. 2109.50 *et seq.*, it cannot be an interested party within the statute. Appellant's eighth assignment of error is without merit and the same is also overruled.

*Judgment affirmed.*

BLACKMON and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.