[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On June 18, 1999, plaintiff-appellant Charles M. Biscay, III, filed a complaint against defendant-appellee Dorthey L. Anderson seeking damages for personal injuries sustained in a motor vehicle accident that had occurred two years earlier, on June 19, 1997. Biscay attempted to serve the complaint by certified mail upon Anderson at an address from which she had moved on September 29, 1997, just three months after the accident. Service was returned unclaimed. On July 22, 1999, Biscay attempted service of the complaint by ordinary mail to the same address.
On September 22, 1999, after no answer had been filed, Biscay moved for default judgment. On September 29, 1999, the common pleas court magistrate granted the motion and awarded Anderson $81,000. Thereafter, the trial court adopted the magistrate's decision.
On February 20, 2001, Biscay filed a supplemental complaint against Anderson's insurance carrier to collect on the judgment. In response, the carrier filed a "Motion for Relief from Void Judgment and/or 60(B) Motion for Relief from Judgment." The carrier also filed Anderson's affidavit, in which she denied having received service of the complaint. Following several hearings on the motion, the magistrate issued a decision that declared the default judgment void ab initio because the judgment had been rendered without proper service. The trial court denied Biscay's motion to set aside the magistrate's decision. This appeal followed. In a single assignment of error, Biscay argues that the trial court erred by adopting the magistrate's decision.
A default judgment rendered without proper service is void.[1]
Because a court has inherent power to vacate a void judgment, a party who asserts that the court lacked personal jurisdiction because of improper service of process need not meet the requirements of Civ.R. 60(B).[2]
The basic position of Ohio law is that cases should be decided on their merits whenever possible.[3]
In cases where the civil rules are followed, courts will presume service to be proper, unless the defendant rebuts the presumption by sufficient evidence.[4] The address used by the plaintiff in the complaint is assumed to be an address where it can be reasonably anticipated that the defendant will receive mail, in the absence of evidence to the contrary.[5]
In addition to conforming to the civil rules, service of process must also comport with the requirements of due process.[6] Service of process is consistent with due-process standards where it is reasonably calculated to give interested parties notice of a pending action.[7]
Each case must be examined on its particular facts to determine whether service of process was reasonably calculated to reach the interested party.[8] The trial court's determination of the sufficiency of service of process is a matter within its sound discretion.[9] An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.[10]
When an evidentiary hearing has been held and the trial court has determined that it does not believe the defendant's testimony that service was not received, a self-serving affidavit will not rebut the presumption of proper service of process.[11] But where the trial court finds credible the defendant's testimony that service was not received, the defendant has successfully rebutted the presumption of proper service of process.[12] In this case, following several evidentiary hearings, the trial court found credible Anderson's testimony that she did not receive service of process.
In July 1999, Biscay had served the summons and complaint upon Anderson at 882 West Kemper Road in Forest Park, Ohio. But Anderson testified that she had moved from that address in September 1997, just months after the July 1997 accident, to an apartment at 11520 Oldgate Drive in Springdale, Ohio. In support of her testimony, Anderson produced cancelled checks to a moving company, as well as deposit and rent checks for her new apartment, dated August and September 1997.
Anderson testified that she had placed a forwarding order with the post office and had received some forwarded mail, and that she believed that the forwarding order had operated for one year. Anderson testified that she had not received a copy of a summons or complaint at any time in 1999, and that she had not received a copy of the trial court's default judgment against her. Anderson testified that she did not become aware of the Biscay suit until her insurance carrier's attorney contacted her in February 2001, almost two years after the default judgment had been entered.
On cross-examination, Biscay's attorney asked, "Do you read and open every piece of mail that you receive in the mail whether or not it's marked as first-class or junk mail or whatever?" Anderson replied, "No." Biscay argues here that, because Anderson testified that she does not open all of her mail, no basis existed for Anderson's assertions that she had not received service of the summons and complaint. We disagree. The question could have been understood in several different ways, and Anderson's response did not necessarily mean that she does not, and did not during the relevant time-frame, open all of her first-class mail.
The trial court found credible Anderson's testimony that she had not received a copy of the summons and complaint. The court also concluded that Biscay's attempt to serve Anderson at an address from which she had moved almost two years earlier was not reasonably calculated to give her notice of the action. Based upon the evidence presented, we cannot say that the trial court abused its discretion by vacating the default judgment. Therefore, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[1] See State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182,553 N.E.2d 650, syllabus; Caldwell v. Alston (Oct. 2, 1996), 1st Dist. No. C-950688; Leman v. Fryman (Jan. 18, 2002), 1st Dist. No. C-010056.
[2] See Patton v. Diemer (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941;United Home Federal v. Rhonehouse (1991), 76 Ohio App.3d 115, 123,601 N.E.2d 138.
[3] Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951.
[4] In re Estate of Popp (1994), 94 Ohio App.3d 640, 650, 641 N.E.2d 739, certiorari denied (1995), 513 U.S. 1192, 115 S.Ct. 1256; Bank OneCincinnati, N.A. v. Wells (Sept. 18, 1996), 1st Dist. No. C-950279.
[5] See Popp, supra, at 650, 641 N.E.2d at 745; Grant v. Ivy (1980),69 Ohio App.2d 40, 42-43, 429 N.E.2d 1188.
[6] See Akron-Canton Regional Airport Auth. v. Swinehart (1980),62 Ohio St.2d 403, 406 N.E.2d 811, syllabus.
[7] Swinehart, supra, at 406, 406 N.E.2d at 814; Mitchell v. Mitchell
(1980), 64 Ohio St.2d 49, 413 N.E.2d 1182, paragraph two of the syllabus.
[8] See Swinehart, supra, at 407, 406 N.E.2d at 814.
[9] Thomas v. Corrigan (1999), 135 Ohio App.3d 340, 733 N.E.2d 1213, citing Bell v. Midwestern Educ. Servs., Inc. (1993), 89 Ohio App.3d 193,203, 624 N.E.2d 196.
[10] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[11] Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61, 64,705 N.E.2d 408, citing Caldwell v. Alston, supra; United Home Fed. v.Rhonehouse, supra; Sec. Natl. Bank Trust Co. v. Murphy (July 20, 1989), 2nd Dist. No. 2552 ; Redfoot v. Mikouis (Nov. 29, 1996), 11th Dist. No. 96-T-5398.
[12] See Emge, supra, at 65, 705 N.E.2d at 411.