OPINION
{¶ 1} Defendant-appellant UBS Financial Services, Inc. appeals the decision of the Mahoning County Common Pleas Court, Probate Division, determining that it is guilty of concealment of assets. The issue raised in this appeal is whether the trial court misapplied In re Estate of Popp (1994),94 Ohio App.3d 640. For the reasons expressed below, the decision of the probate court is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} The facts in this case are not disputed. Margaret Kish died in 2001. Plaintiff-appellee Attorney William Kish was named the executor of her estate. At the time of her death, she owned 713 shares of SBC stock that was from a dividend reinvestment program. The stock was held at appellant's brokerage firm. After Margaret's death, all of her assets were sold, except for the SBC stock.
 {¶ 3} The SBC stock certificate that was issued in December 2001 after her death was issued to "Margaret Kish attention: Robert Kish." The certificate then listed Robert Kish's address. Both Robert Kish and Attorney William Kish are decedent's sons.
 {¶ 4} Appellant attempted to have the stock transferred to Margaret's estate shortly after her death. The stock was sent to the transfer agent in December 2001, but it was not transferred due to a lack of proper documentation. Thus, the stock was returned to appellant in March 2002. The stock certificate was to be returned to Attorney William Kish so that the proper documentation could be obtained and the stock could be transferred to the estate. However, the stock was not sent to Attorney William Kish, instead it was found more than two years later in one of appellant's employee's desk.
 {¶ 5} In 2004, Attorney William Kish discovered the stock. He had the certificate reissued, reopened the estate and sold the stock. However, upon selling the stock he discovered that the stock was worth $12,503.31 less than what it was worth at the time of Margaret's death.
 {¶ 6} From the time of Margaret's death until Attorney William Kish discovered the stock, Robert Kish received dividends from the stock. He admittedly cashed them.
 {¶ 7} Accordingly, on January 26, 2005, Attorney William Kish, as executor, filed a complaint for concealment of assets in the Mahoning County Probate Court. The complaint alleged that defendant Robert Kish and appellant concealed 713 shares of SBC stock.
 {¶ 8} The trial was held on March 18, 2005. Following the hearing, on September 15, 2005, the magistrate found Robert Kish and appellant jointly and severally liable for the $12,503.31 plus a 10% penalty and interest of 5% per annum from the date of the judgment to date of payment. That same day, the probate court adopted the magistrate's decision. Appellant timely appeals raising a single assignment of error.
 ASSIGNMENT OF ERROR {¶ 9} "THE MAHONING COUNTY PROBATE COURT ERRED IN ITS MISAPPLICATION OF THE DECISION IN IN RE ESTATE OF POPP WHEN IT DETERMINED THAT SCIENTER AND CONVEYANCE WERE NOT NECESSARY ELEMENTS OF A CONCEALMENT OF ASSETS."
 {¶ 10} In making its determination, the magistrate cites toIn re Estate of Popp (1994), 94 Ohio App.3d 640. In citing toPopp, it explains that R.C. 2109.50, the statute on concealment, is a strict liability statute "in that fraudulent or criminal intent is irrelevant. Possession of assets belonging to the Estate and a resulting loss to the Estate is all that is required to be proven." Appellant contends that this is a misapplication of Popp, because there needs to be a showing of scienter and conveyance.
 {¶ 11} In Popp, a man named Hamann claimed to be the executor of the decedent's estate. He went into Ohio Savings Bank, where decedent had deposited over $55,000 prior to her death, and showed forged tax releases and forged letters of administration. The bank, believing Hamann was the executor, released the money to him. Later, it was discovered that he was not the executor and a complaint for concealment named both him and the bank as defendants.
 {¶ 12} In affirming the grant of summary judgment for the estate and against the bank, the Eighth Appellate District explained:
 {¶ 13} "In the instant case, the bank intended to convey the money and did convey the money, albeit to a wrong party. A complaint filed under R.C. 2109.50, although quasi-criminal in character, is controlled by the laws governing civil proceedings in the probate court. In re Howard (1947), 79 Ohio App. 203. So the strict invocation of the Rules of Criminal Procedure underscores the very intent of the legislature in enacting R.C.2109.50, which is to provide a summary means, inquisitorial in nature, to recover specific property or the proceeds or value thereof belonging to an estate. In re Black and Goodrich v.Anderson, supra. Thus, in a proceeding against a financial institution under R.C. 2109.50 for wrongful conveyance, it must first be established that there was a conveyance, made to a wrong party, after which all that is required is to show by a preponderance of evidence that the money belonged to the decedent; it is not necessary to establish that the conveyance was made with a fraudulent or criminal intent. See Lindquist v.Hayes (1926), 22 Ohio App. 141. In the instant case, we have no doubt that all the elements of wrongful conveyance have been established, as appellant has not denied conveyance of the deceased's money to Hamann. Accord Leonard v. State ex rel.Scott (1914), 3 Ohio App. 313." Popp, 94 Ohio App.3d at 647.
 {¶ 14} Thus, in the Popp case, there was an actual conveyance of money. In the instant matter, appellant did not actually convey anything. Rather, it was the fact that the stock certificate remained in their office and was not returned to Attorney William Kish for him to supply the necessary paperwork that the stock was hidden from him and allowed Robert Kish to collect the dividends. Thus, the cases are slightly distinguishable.
 {¶ 15} Appellant relies on those distinguishing facts and argues that this case is more analogous to Ukrainiec v. Batz
(1982), 24 Ohio App.3d 200, which was cited by the Popp court. In Batz, the Ninth Appellate District held that mere possession of estate assets was not enough to constitute concealment. It explained that:
 {¶ 16} "R.C. 2109.50 is a quasi-criminal statute. It requires a finding of guilty or not guilty and mandates that certain sanctions be imposed on a guilty defendant, including assessment of a ten percent penalty. See R.C. 2109.52. Thus, to prove concealment, complainant must show more than possession of estate assets. If such were the only proof necessary, all questions of disputed title could be brought under the concealment statute thereby making the statutory provisions for declaratory judgment (R.C. 2721.05) and exceptions to the inventory (R.C. 2109.33) superfluous. Further, the estate would be enriched by ten percent of each claim however innocent the possession.
 {¶ 17} "To the contrary, a violation of R.C. 2109.50 involves wrongful or culpable conduct on the part of the person accused.In re Estate of Black, supra, paragraph three of the syllabus;In re Estate of Johnson (1943), 38 Ohio Law Abs. 372; Gregg v.Kent (1938), 27 Ohio Law Abs. 628. In the instant case, the probate court found that Nicholas Ukrainiec intended his daughter to have some interest in the accounts beyond mere convenience. Thus, Mary Batz withheld the assets under the mistaken but good faith belief that her father had legally given her the funds. Under these circumstances, the lower court did not err by finding her not guilty of concealment." Batz,24 Ohio App.3d at 202-203.
 {¶ 18} Appellant argues that since it only had mere possession and did not convey the stock certificate, it cannot be found guilty of concealment. We disagree. A conveyance is not needed for a person or institution to be found guilty of concealment. R.C. 2109.50 reads:
 {¶ 19} "Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession ofany moneys, chattels, or choses [sic] in action of such estate * * *." See, also, R.C. 2109.52.
 {¶ 20} The language in this statute indicates that concealment can occur in four different ways: concealment, embezzlement, conveyance or possession of an estate asset. In the situation at hand, the stock certificate was not returned to Attorney Kish so that it could be made a part of the estate. Instead, it remained in an employee's desk for two years. This conduct clearly does not amount to a conveyance or embezzlement of the asset. It is even arguable whether appellant's conduct constituted concealment of the stock in question. However, we conclude that the conduct of appellant amounted to possession of an estate asset. Consequently, since under the statute, possession of the asset can result in a guilty finding on the concealment action, appellant can be found guilty of concealment. Like the Third Appellate District, we disagree with the Batz
rationale that mere possession of an estate asset cannot amount to concealment. Clay, 3d Dist. No. 10-98-12.
 {¶ 21} Furthermore, it is well-settled law in Ohio that scienter is not an essential element of a cause of action under the concealment statute and that a finding of guilt under R.C.2109.52 does not require fraudulent or criminal intent. See, e.g., Popp, 94 Ohio App.3d at 647; State ex rel. Shearer v.Packer (1935), 4 O.O. 347; Lindquist v. Hayes (1926),22 Ohio App. 141; In re Estate of Clay (Feb. 3, 1999), 3d Dist. No. 10-98-12. Consequently, even though appellant may not have had any fraudulent intent, this does not prevent a guilty finding on the concealment action.
 {¶ 22} For the foregoing reasons, the judgment of the probate court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.