[Cite as *Morgan v. Salyers*, 2014-Ohio-4554.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| KELLY M. MORGAN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14CA12 |
| KATHY SALYERS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil appeal from the Knox County Court of
Common Pleas, Case No. 12OT10-0542

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        October 10, 2014

APPEARANCES:

For Plaintiff-Appellee                                For Defendant-Appellant

KELLY MORGAN                                KATHY SALYERS  PRO SE
380 South Fifth Street                        1450 Whispering Hills Road
Columbus, OH 43215                        Loris, SC 29569

*Gwin, P.J.*

{¶1}  Appellant appeals the April 22, 2014 judgment entry of the Knox County Court of Common Pleas overruling her Rule 60(B) motion for relief from judgment.

*Facts & Procedural History*

{¶2}  In June of 2010, appellant Kathy Salyers filed a pro se complaint in Knox County Probate Court.  In August of 2010, appellant hired appellee Kelly Morgan to represent her in the pending litigation.  After extensive litigation in the Knox County Probate Court and an appeal to this Court, appellant, on July 27, 2012, prevailed and received a distribution of her entire interest in the trust that was the subject of the litigation.

{¶3}  On October 31, 2012, appellee filed a complaint against appellant for breach of contract and failure to pay account.  Appellee stated that appellant refused and failed to pay the balance of attorney fees owed to appellee.  The summons and complaint was sent to appellant via certified mail at 5213 Durham Road, Raleigh, North Carolina.  On December 5, 2012, the summons and complaint were returned to the Knox County Clerk of Court as "unclaimed" and "unable to forward."  Appellee then filed a praecipe for service requesting ordinary mail of the complaint and summons to appellant at the 5213 Durham Road address.  A certificate of mailing was filed on December 10, 2012.  The ordinary mail envelope was not returned by the postal authorities with an endorsement showing failure of delivery.

{¶4}  On January 14, 2013, appellee filed a motion for default judgment.  On January 30, 2013, default judgment was entered against appellant for $20,787.00 plus court costs and interest.  Appellant filed a Rule 60(B) motion for relief from judgment,

stating that the judgment is void due to lack of service on appellant. Appellee filed a memorandum contra to appellant's motion on March 10, 2014 and appellant filed a reply on March 17, 2014. The trial court denied appellant's motion on April 22, 2014, finding that appellant did not establish a meritorious defense or that she is entitled to relief under any one of the grounds stated in Rule 60(B)(1) – (5).

{¶5} Appellant appeals the April 22, 2014 judgment entry of the Knox County Common Pleas Court and assigns the following as error:

{¶6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELL[ANT] BY VIOLATING HER RIGHTS TO DUE PROCESS OF LAW BY ALLOWING FAULTY SERVICE OF PROCESS TO STAND (SEE CERTIFIED MAIL RETURNED RECEIPT, DEFENDANT'S 60(B) MOTION AND REPLY TO PLAINTIFF'S MEMORANDUM CONTRA.)

{¶7} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELL[ANT] WHEN IT DID NOT UTILIZE ITS INHERENT POWER TO VACATE A JUDGMENT THAT WAS VOID AB INITIO."

I.

{¶8} Appellant first argues the trial court erred in denying her Rule 60(B) motion. A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶9} A party seeking relief from judgment pursuant to Civil Rule 60(B) must show: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civil Rule 60(B)(1)-(5), and (3) the motion must be timely filed. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). A failure to establish any of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). Appellant claims she never received notice of the action and that the default judgment is voidable under Civil Rule 60(B)(5). Upon review of the record, we find the trial court did not err in determining that appellant did not establish a meritorious defense. Appellant's motion for relief made no mention of any specific facts which would constitute a meritorious defense to the complaint. Accordingly, appellant's first assignment of error is overruled.

II.

{¶10} Appellant also argues that the trial court should have vacated the judgment due to its inherent authority to vacate a judgment void ab initio and thus she did not need to satisfy the requirements of Civil Rule 60(B). Appellant alleges she made an uncontradicted sworn statement that she never received service of the complaint and thus she is entitled to have the judgment against her vacated.

{¶11} A judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. *State ex rel. Fairfield County CSEA v. Landis*, 5th Dist. Fairfield No. 2002 CA 00014, 2002-Ohio-5432. The authority to vacate a void judgment is an inherent power possessed by Ohio courts. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988). A party seeking to vacate a void judgment must file a motion to

vacate or set aside the same. *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 631 N.E.2d 1120 (10th Dist. 1993).

{¶12} "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." *In re Estate of Popp*, 94 Ohio App.3d 640, 641 N.E.2d 739 (8th Dist. 1994). Pursuant to Civil Rule 4.1(A), service of process via certified mail is evidenced by a return receipt signed by any person. In the event that a "certified or express mail envelope is returned showing that the envelope was unclaimed," upon a "written request" from the serving party, "the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served" to the defendant's address in the caption or other address designed in the written request. Civil Rule 4.6(D). "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civil Rule 4.6(D). When the mandates of Civil Rule 4.6(D) are followed, a presumption of proper service is created that can rebutted only with sufficient evidence. *State ex rel. Fairfield County CSEA v. Landis,* 5th Dist. No. 2002 CA 00014, 2002-Ohio-5432. In this case, the record indicates that service was attempted via certified mail but returned unclaimed. Pursuant to Civil Rule 4.6(D), the clerk of courts next attempted service by ordinary mail, which was not returned. As such, a rebuttable presumption of valid service was created.

{¶13} In order to set aside a judgment on the basis of improper service, the trial court must first consider the facts of the case and determine whether service of process was perfected. *Thomas v. Corrigan*, 135 Ohio App.3d 340, 733 N.E.2d 1213 (11th Dist.

1999).   A determination of whether or not service of process was sufficient in a particular case rests with the sound discretion of the trial court and will not be reversed absent a showing that the court abused its discretion. *King v. Enron Capital & Trade Res. Corp.*, 10th Dist. Franklin No. 00AP-761, 2002-Ohio-1620.  The term abuse of discretion connotes more than a mere error of judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14}  In her motion for relief from judgment which appellant also styled as an affidavit, she states that she had no knowledge of this action until she went to the clerk of courts in South Carolina to inquire about another matter and thus she never received the summons and complaint which was sent pursuant to Civil Rule 4.6(D).   Appellant avers that appellee knew her address was in South Carolina at the time he filed the action.

{¶15}  However, unlike the cases cited by appellant, her sworn statement was not uncontradicted and the Civil Rule 4.6(D) presumption of proper service was not rebutted by sufficient evidence.  In an affidavit by appellee that specifically contradicts some of the essential points in appellant's affidavit, appellee states that during the course of his representation of appellant, she periodically reported she was temporarily staying with relatives and sometimes with a former husband, but she specifically provided her residence address to him on three occasions, the last being in April of 2012 when she indicated her residence was located at 5213 Durham Road, Raleigh, North Carolina.   Additionally, that there were no further changes to her residence information.  Appellee further stated that between May 1, 2012 and October of 2012, six

statements for services and statements of appellant's past due account were mailed to her at 5213 Durham Road and no statements were returned indicating that the wrong address was used or the mail was undeliverable. Appellee avers in his affidavit that as soon as appellant was informed that the settlement in the probate case was completed and the trustee was instructed to make a final distribution of assets from the trust, she abruptly cut off all communication with him despite the fact that in the three months leading up to the conclusion of the settlement she called him on numerous occasions on his office and cell phone and sent him 78 emails and 199 text messages to him regarding the details of the settlement. Appellee further avers that once the settlement was completed appellant refused to accept further phone calls and refused to respond to text message, emails, and ordinary mail sent by appellee. Accordingly, we find the trial court did not err in failing to utilize its inherent power to vacate the default judgment. Appellant's second assignment of error is overruled.

{¶16} Based on the foregoing, appellant's assignments of error are overruled. The April 22, 2014 judgment entry of the Knox County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur