JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Valentina Randle (appellant) appeals the probate court's judgment against her for concealment and embezzlement of assets belonging to her deceased father Lieutenant Randle's (Randle) estate. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On February 5, 2004, Randle died leaving a will stating that his assets were to be divided equally between appellant and her brother Lieutenant Randle II (Randle II). On March 15, 2004, appellant was appointed executrix of Randle's estate, per the terms of the will. On March 17, 2004, appellant closed various bank accounts that were in Randle's name, and on March 18, 2004, she deposited $116,752.93 into a savings account in her name. On May 27, 2004, appellant filed an inventory of Randle's estate assets, which included $5,700 of personal property and $60,800 of real property — the $116,752.93 was not listed on the inventory.
 {¶ 3} On November 12, 2004, Randle II filed a complaint against appellant alleging concealment and embezzlement of estate assets, stating that appellant failed and refused to place the $116,752.93 in question on the estate inventory. On July 28, 2005, a magistrate presided over a hearing regarding the merits of the complaint. On the same day, appellant filed a motion for leave to file a third-party complaint against two people who were defendants in a separate declaratory judgment case that appellant initiated in the court of common pleas. See Valentina *Page 3 Randle, et al. v. Willie Glenn, et al., (Dec. 28, 2006), Cuyahoga County Court of Common Pleas No. CV-04-546302. Case No. 546302 involves a monetary dispute between appellant and members of the Star of Bethel Baptist Church, where Randle had been the senior pastor. Appellant requested that the defendants in Case No. 546302 also be named defendants in the instant case in order to have a proper and full accounting of Randle's estate assets.
 {¶ 4} On October 27, 2005, appellant opened an account in the name of Randle's estate and deposited $53,854.41. On November 14, 2005, the court completed the merit hearing regarding the complaint against appellant.
 {¶ 5} On November 29, 2005, the magistrate issued a report which denied appellant's third-party complaint, finding that Case No. 546302 involved funds that were technically not part of Randle's estate because appellant failed to list them on the inventory. Additionally, the event that triggered Case No. 546302 occurred before appellant opened the estate bank account and, thus, had nothing to do with the estate. The magistrate also found that judgment in the instant case should be entered against appellant for "being in possession of an asset belonging to the decedent valued at $62,898.52," which is the difference between the $116,752.93 appellant withdrew from Randle's personal accounts and the $53,854.41 that she deposited into Randle's estate account.
 {¶ 6} On April 3, 2006, the court adopted the magistrate's decision and this appeal ensued. *Page 4 
 II {¶ 7} In her first assignment of error, appellant argues that "the probate court denied appellant due process, and committed reversible error, when it denied appellants' [sic] motion requesting leave to join a third party defendant, whom appellant identified as being in possession of estate assets, and then, without further inquiry, found appellant guilty of concealment of estate assets." Specifically, appellant argues that the court should have conducted a hearing regarding her motion to file a third-party complaint, and the failure to do so violated her due process rights.
 {¶ 8} We first note that Randle II initiated this action pursuant to R.C. 2109.50, which "provides a summary means, inquisitorial in nature, to recover specific property or the proceeds or value thereof belonging to an estate." Kish v. Kish, Mahoning App. No. O5MA186, 2006-Ohio-4686. Although a complaint filed under R.C. 2109.50 is governed by the civil rules applicable in probate court, it is quasi-criminal in nature and requires the following proof: a) a concealment, conveyance, possession or embezzlement; b) assets belonging to the decedent's estate; c) made to the wrong party. To succeed in a R.C. 2109.50 complaint, it is not necessary to establish fraudulent or criminal intent. Kish, supra.
 {¶ 9} Third-party complaints are governed by Civ.R. 14, which states that a defendant in an action may file a complaint against a third party. If this occurs more than 14 days after the defendant filed his or her answer, leave of court must be *Page 5 
obtained, and notice must be issued to all parties. "Civ.R. 14(A) does not permit a third-party complaint to be founded upon an independent cause of action of the defendant against the third-party defendant, even though arising out of the same occurrence upon which the claim of the plaintiff was predicated, since the foundation of a third-party complaint must be that the third party is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant." State Farm Mut. Auto Ins. Co. v. Charlton (1974),41 Ohio App.2d 107, paragraph one of the syllabus. Furthermore, nothing in Civ.R. 14 entitles the defendant to a hearing regarding the third-party complaint. Assuming the procedural requirements have been met, it is within the court's discretion how to dispose of the third-party complaint. See State ex rel. Jacobs v. Municipal Court of FranklinCounty (1971), 26 Ohio App.2d 113.
 {¶ 10} In the instant case, appellant argues that she was entitled to a hearing because the proceedings against her were quasi-criminal in nature. Appellant is correct; however, she was afforded hearings on July 28, 2005 and November 14, 2005. Appellant was not entitled to an additional hearing regarding her Civ.R. 14 third-party complaint, and she makes no argument that the court abused its discretion in denying her request. After reviewing the record, we find that appellant's third-party complaint was based on an independent and separate action, namely Case No. 546302, which was resolved by the court granting summary judgment to the defendants on December 28, 2006. Therefore, this allegation is not properly *Page 6 
asserted under Civ.R. 14 as a third-party complaint, and the court did not err in denying appellant's request. Appellant's first assignment of error is overruled.
 III {¶ 11} In her second and final assignment of error, appellant argues that "the probate court committed reversible error, when, in its judgment entry, it overruled defendant-appellant's objections and adopted the magistrate's decision, which clearly stated that plaintiff-appellee was unable to provide the court with clear and convincing evidence that defendant was in possession of assets belonging to the decedent, and then inconsistently finding the appellant guilty of concealment and embezzlement." Specifically, appellant argues that because she acted at all times in good faith, rather than fraudulently, the court erred in rendering judgment against her for being in possession of an asset belonging to Randle's estate, in contravention to R.C. 2109.50.
 {¶ 12} As stated earlier, R.C. 2109.50 does not require proof of ill intent, thus, whether the defendant acted in good faith is irrelevant. The court did not err by entering judgment against appellant for the discrepancy between the amount she improperly took from Randle and the amount she returned to Randle's estate. Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS; CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY *Page 1