JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Valentina Randle (Valentina) appeals the court's granting defendants Willie Glenn and James Hopkins' (defendants) summary judgment motion in her claim for money damages and declaratory judgment regarding the Star of Bethel Missionary Baptist Church (Church). After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On February 5, 2004, Lieutenant Randle, the founding pastor of the Church and Valentina's father, died, triggering Church members to search for a new leader. The Church had been operating as a nonprofit corporation since its inception in 1963. The original articles of incorporation, dated July 7, 1963, named four trustees of the Church, including Lieutenant Randle and three others, all of whom had died by February 5, 2004. From its incorporation until April 16, 2005, the Church did not enact any bylaws, regulations or other guidelines for operations. Additionally, there is no evidence in the record that the Church named any successor trustees during this time. According to defendant Glenn, who has been a Church member for over 33 years, the standard operating procedure of the Church is that the members, collectively and as a congregation, have the authority to make decisions relating to Church affairs. Glenn also stated the sole responsibility of the Church trustees is "the physical upkeep of Church property." Glenn noted that, as of July 13, 2005, the Church had seven trustees. *Page 4 
 {¶ 3} According to Glenn, the Church had two regularly scheduled monthly meetings: one Monday each month, the congregation met to vote on issues affecting the Church at the Church business meetings; and one Saturday each month, a Church leadership meeting took place where leaders of various Church programs gathered to discuss and plan upcoming events.
 {¶ 4} When the Church congregation began to search for a new pastor after Lieutenant's death, Valentina was among those considered for the position. However, on July 13, 2004, Valentina took matters into her own hands and held a meeting, which three other Church members attended. In this meeting, the four people agreed to ratify and confirm Valentina as "pastor and chief executive officer of the Star of Bethel Missionary Baptist Church, * * * [and] as statutory agent of the Church,"[1] each signing the resolution in the capacity of trustee of the Church. From this point on, Valentina claimed authority over the Church stemming from "the unanimous vote of a quorum of the board of trustees of the corporation."
 {¶ 5} However, the remaining members of the approximately 130 count congregation opposed Valentina's pronouncement. On October 27, 2004, Valentina filed suit in her own name and in the name of the Church against defendants, alleging the following: that she, as pastor of the Church, had the authority to control *Page 5 
all of the Church's property; that Glenn prevented her from fulfilling her duties as pastor by barring her from access to, and exercising unauthorized control of, Church property, including funds; that she is entitled to damages as a result of Glenn's actions; and that the Church, as a corporation, is entitled to damages as a result of Glenn's actions. Valentina also prayed for a declaratory judgment stating that her appointment of pastor of the Church was proper.[2]
 {¶ 6} On April 16, 2005, a majority of the Church members adopted bylaws, elected officers and trustees, and resolved to declare Valentina's July 31, 2004 actions null and void. The vote of the Church members was 121 out of 130 to adopt the newly proposed bylaws and was 117 out of 130 to nullify Randle's actions.
 {¶ 7} On December 28, 2006, the court granted defendants' motion for summary judgment. It is from this order that Valentina appeals.
 II. {¶ 8} In her sole assignment of error, Valentina argues that "the trial court committed reversible error when it granted summary judgment to defendants." Specifically, Valentina argues that genuine issues of material fact exist as to whether she was appointed pastor of the Church. Appellate review of granting summary *Page 6 
judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 9} Valentina alleges that her position is supported by three affidavits evidencing the validity of her appointment as pastor of the Church. The Church members who supplied the affidavits are Valentina Randle, Corrine Oliver and Portia Hines.
 {¶ 10} Oliver's affidavit states, in pertinent part, that Valentina was appointed pastor at the July 31, 2004 leadership meeting, which was a regularly scheduled meeting; however, Oliver admits to not being present at this meeting.
 {¶ 11} Hines' affidavit states, in pertinent part, that she is a trustee of the Church; that she was present at the July 31, 2004 meeting at which Valentina was appointed pastor; and that the appointment was made by a quorum of the Church's trustees at a regularly scheduled meeting.
 {¶ 12} Valentina's affidavit states, in pertinent part, that she attended the July 31, 2004 meeting at which she was appointed pastor of the Church by a quorum of the Church's trustees; that although no bylaws had ever been adopted at the Church, the trustees "through custom and tradition, had the exclusive legal authority *Page 7 
to manage the affairs of the Church and its property"; and that four trustees were present at the meeting — Darryl Allen, Portia Hines, Robert Coleman, and Valentina Randle.
 {¶ 13} Defendants, on the other hand, argue that Valentina's appointment as pastor was improper and unlawful, and that, in the alternative, the Church members voted to nullify and void Valentina's appointment at the April 16, 2005 meeting.
 {¶ 14} The heart of this dispute is governed by nonprofit corporation statutory law, as codified in R.C. 1702 et seq., a summary of which follows. Pursuant to R.C. 1702.30(A), "all of the authority of a [nonprofit] corporation shall be exercised by or under the direction of its directors." Additionally, for the purpose of nonprofit corporation law, the term "director" is synonymous with the word "trustee." R.C.1702.01(K). Pursuant to R.C. 1702.16, the voting members of the nonprofit corporation have the power to elect the trustees or directors, either at a designated meeting or a special meeting called for that purpose. "Member" is defined in R.C. 1702.01(G) as "one having membership rights and privileges in a corporation in accordance with its articles or regulations." In addition to electing trustees, members may have the authority to adopt bylaws or regulations, as noted in R.C.1702.10. "If the incorporators fail to adopt regulations as authorized by this section within ninety days after the date of incorporation, regulations may be adopted at a *Page 8 
meeting of voting members by the affirmative vote of a majority of the voting members." Id.
 {¶ 15} Furthermore, R.C. 1702.28(A) states as follows: "Unless the articles or the regulations provide for a different term, each director shall hold office until the next annual meeting of voting members and until the director's successor is elected, or until the director's earlier resignation, removal from office, or death." As stated in R.C.1702.34, the trustees, and not the members, have the authority to remove officers and fill vacancies in any office of the nonprofit corporation.
 {¶ 16} For the trustees or directors to validly exercise their R.C.1702.30(A) authority under Ohio law, we turn to R.C. 1702.32, which states that, unless otherwise provided, "a majority of the whole authorized number of directors is necessary to constitute a quorum for a meeting of the directors * * *. The act of a majority of the directors present at a meeting at which a quorum is present is the act of the board, unless the act of a greater number is required by the articles, the regulations, or the bylaws."
 {¶ 17} The law for nonprofit organizations is substantially similar to Ohio's statutory scheme governing for-profit corporations. See Jill S. Manny, Governance Issues for Non-Profit Religious Organizations (2000), 40 Catholic Law. 1, 12 (noting that "[i]t is important that religious corporations formed for the primary purpose of protecting church assets adhere to basic corporate rules regarding operations and *Page 9 
independence in order to maintain the advantages of limited liability"). As a general rule of corporate law, shareholders can elect and remove directors, and in turn, these directors can elect and remove the corporation's officers. See, generally, R.C. 1701 et seq., and specifically, R.C. 1701.64. Unless stated otherwise in the articles of incorporation or bylaws, shareholders, who are analogous to voting members of a nonprofit organization, may not elect or remove corporate officers.
 {¶ 18} In the instant case, the July 7, 1963 articles of incorporation for the Church only reference trustees once: "The following persons shall serve said corporation as trustees until the first annual meeting or other meeting called to elect trustees." The articles also reference members only once: "The purpose or purposes for which said corporation is formed are providing a place of worship for its members * * *." All four named trustees were deceased at the time of this action, and there is no evidence in the record of any Church meeting at which successor trustees, properly or otherwise, were elected. In addition, as established earlier in this opinion, the Church was operating, for over 30 years, without any addendums to the original articles of incorporation, as well as without any regulations or bylaws.
 {¶ 19} Accordingly, subsequent to Lieutenant Randle's death, the Church was operating without valid trustees or bylaws. Left unopposed, this may be of no consequence. However, Lieutenant's death sparked internal quarrels and the *Page 10 
 {¶ 20} authority, or lack thereof, under which the Church members, including Valentina, acted is now of great consequence to the matter at hand.
 {¶ 21} We first tackle the validity of Valentina's appointment as pastor at the July 31, 2004 meeting. There is no evidence in the record to suggest that the Church had a valid board of directors or trustees at the time of the meeting. Assuming arguendo there were valid trustees, allegations of their number and identity is both inconsistent and vague. Valentina asserts that the four members who signed her resolution to be pastor constituted a quorum of the Church's trustees. However, at no time does Valentina present to the court how many trustees existed, who they were, or that their appointment by voting members pursuant to R.C.1702.16 was valid.
 {¶ 22} Defendants, on the other hand, assert, and Valentina does not dispute, that only two of the four people listed were valid trustees on July 31, 2004: Portia Hines and Darryl Allen. Defendants further assert that this did not constitute a "majority" of the Church's trustees; however, they also fail to identify how many trustees there were or their identities.
 {¶ 23} To support a motion for summary judgment, the moving party bears the initial burden of "identifying those portions of the record which support" that the nonmoving party cannot prove its claim.Csimadia v. Metrohealth Med. Ctr. (Dec. 23, 1999), Cuyahoga App. No. 74907. In the instant case, defendants point to the *Page 11 
fact that no valid Church trustees existed to appoint Valentina as pastor. If this initial burden is then met, the burden shifts to the nonmoving party to show a factual dispute regarding an element of its claim. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 24} Valentina's burden shifting argument, in its entirety, is as follows: "These contentions are all disputed and brought into issue by the affidavits appended to Plaintiff's Response to Defendant's Motion for Summary Judgment, and are matters involving judgment of credibility and demeanor, best left to the trier of fact." As reviewed earlier in this opinion, Valentina's three supporting affidavits reference trustees, but offer not a scintilla of evidence as to their validity. After careful review, Valentina fails to meet her Civ.R. 56(E) burden, and we find that her appointment as pastor of the Church on July 31, 2004 was invalid.
 {¶ 25} The second issue of validity to be reviewed is the April 16, 2005 meeting of the Church members where they voted to adopt Church bylaws, and, pursuant to the newly adopted bylaws, removed Valentina as pastor and elected Church officers, including a new pastor. Pursuant to R.C. 1702.10, the Church *Page 12 
members had the authority to adopt bylaws which would then become the governing rules of the Church as a nonprofit corporation. Accordingly, the April 16, 2005 bylaw adoption was valid. Without going into the details of the newly adopted bylaws, the Church members now had the exclusive authority to elect and remove Church officers, including the pastor, and they exercised this authority immediately.
 {¶ 26} On April 26, 2005, the court issued an order declaring the actions taken at the April 16, 2005 meeting valid. "* * * [T]he congregation of the Star of Bethel Missionary Baptist Church, * * * has passed a proper set of bylaws, elected officers and trustees and passed a resolution, all in accordance with law, * * *."
Valentina's claim for damages, both personally and on behalf of the Church, must necessarily fail, because she was never a Church officer, and her rights did not extend beyond that of a Church member. The court did not err in granting defendants' summary judgment motion, and Valentina's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR
[1] Throughout this litigation, Valentina claims to be pastor, CEO and statutory agent of the Church. In this opinion, we refer to all three positions in the aggregate as "pastor."
[2] Concurrent with the instant litigation, Valentina was the defendant in a probate action initiated by her brother for concealment and embezzlement of their deceased father's estate assets. On March 15, 2007, we affirmed the judgment against Valentina for $62,898.52.Lieutenant Randle II v. Valentina Randle, Cuyahoga App. No. 88120,2007-Ohio-1156. *Page 1